J-E03001-16

2017 PA Super 215

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KWAME LAMAR BARNES | |
| Appellant | No. 947 MDA 2014 |

Appeal from the Judgment of Sentence Entered January 30, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0000426-2011

BEFORE: BENDER, P.J.E., BOWES, PANELLA, LAZARUS, OTT, STABILE, DUBOW, MOULTON, and RANSOM, JJ.

OPINION BY STABILE, J.:                          **FILED JULY 10, 2017**

Appellant Kwame Lamar Barnes appeals from the January 30, 2014 judgment of sentence entered in the Common Pleas Court of Dauphin County ("trial court"), following his jury convictions for criminal attempt-homicide, aggravated assault, kidnapping, and recklessly endangering another person ("REAP").[1] Upon review, we vacate and remand for resentencing.

The facts and procedural history underlying this appeal are undisputed. On December 19, 2010, the victim, who was sixteen at the time of trial, was sleeping alone at her mother's home in Steelton when she received a text message from Appellant, her ex-boyfriend. N.T. Trial,

_____

[1] 18 Pa.C.S.A. §§ 901 (a), 2702(a)(1), 2901(a)(3), and 2705, respectively.

2/28/12, at 136-39. Although they were no longer dating, the victim and Appellant still had an amicable relationship. *Id.* at 139. Appellant indicated in the text message that he was at the back door of the residence and the victim allowed Appellant to enter the home. *Id.* at 140. The victim and Appellant went upstairs to the victim's bedroom where they talked, engaged in sexual intercourse, and then talked again. *Id.* at 140-41. They then had an argument. The victim asked Appellant to leave and she escorted him downstairs to the back door. *Id.* at 141-42. Prior to leaving, Appellant threatened to hit the victim with a vacuum. *Id.* at 143-44. Subsequently, Appellant strangled the victim from behind by using his arm. *Id.* at 144-45. She lost consciousness. *Id.* at 145. When she regained consciousness, Appellant said to the victim, "you're gonna die today," and proceeded to strangle her again until she lost consciousness a second time. *Id.* at 145-47. When the victim finally regained consciousness, she was wrapped in a blanket and lying head-first in a recycling dumpster under the State Street Bridge. *Id.* at 147-50. She eventually freed herself and managed to get to the side of a roadway, where the driver of a passing vehicle stopped and took her to the hospital. *Id.* at 149. The victim suffered a broken vertebra in her neck, various facial injuries, a lacerated and swollen tongue, a large contusion to her right eye, and hypothermia. *Id.* at 16-21.

On December 20, 2010, Appellant was charged with criminal attempt to commit homicide ("attempted murder"), aggravated assault, kidnapping, REAP, terroristic threats, and theft by unlawful taking.[2]  On February 28, 2012, at the conclusion of a jury trial, Appellant was found guilty of attempted murder, aggravated assault, kidnapping, and REAP.  The jury found Appellant not guilty for the charge of terroristic threats.  On May 18, 2012, Appellant was sentenced to a term of incarceration of 20 to 40 years for the conviction of attempted murder, a consecutive term of incarceration of 2½ to 5 years for his conviction of aggravated assault, and a consecutive term of incarceration of 2½ to 5 years for his conviction of kidnapping.  The trial court imposed no additional sentence for the conviction of REAP. Appellant timely appealed to this Court.

On December 3, 2013, a panel of this Court ("2013 decision") determined that the convictions of aggravated assault and attempted homicide should have merged because the crimes arose from a single set of facts, *i.e.*, Appellant choked the victim to unconsciousness.  Accordingly, the panel vacated the judgment of sentence, and remanded for resentencing. ***Commonwealth v. Barnes***, No. 691 MDA 2013, unpublished memorandum, at 2-3 (Pa. Super. filed December 3, 2013).  On January 30, 2014, upon remand, the trial court resentenced Appellant to 20 to 40 years'

---

[2] The charge of theft by unlawful taking was subsequently dismissed at preliminary hearing.

imprisonment for attempted murder and a consecutive term of incarceration of 5 to 10 years for the conviction of kidnapping. On February 5, 2014, Appellant filed a post-sentence motion, which the trial court denied on May 12, 2014. The instant appeal followed.[3]

Appellant raises four issues on appeal:

[I.] ***Apprendi* doctrine**. The United States Constitution mandates that juries should decide all facts that increase a crime's statutory maximum sentence. Here, a jury convicted [Appellant] of attempted murder, generally—a 20 year maximum sentence. If the trial court submits the crime of attempted murder resulting in serious bodily injury to the jury, the maximum sentence increases to 40 years. But [the trial] court didn't submit this element. Is [Appellant's] legal attempted murder maximum sentence 20 years?

[II.] **Substantial questions**. To appeal the discretionary aspects of a sentence, an appellant must present a "substantial question" why the sentencing court's actions are inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. This sentencing court: (1) increased a crime's sentence where the only changed fact was the exercise of appellate rights; and (2) failed to provide reasons for its new sentence on the record. Does [Appellant] raise substantial questions?

[III.] **Judicial Vindictiveness**. A presumption of vindictiveness arises where a sentencing court imposes a more severe sentence absent objective evidence justifying an increased sentence. This trial court doubled [Appellant's] kidnapping sentence at his resentencing. It based the increased sentence on the same facts

_____

[3] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a memorandum opinion, noting that its May 12, 2014 memorandum opinion set forth the reasons for concluding Appellant was not entitled to post-sentence relief. Pa.R.A.P. 1925(a) Opinion, 6/13/14, at 1.

- 4 -

and information as at the time of the original sentence. Is [Appellant's] new kidnapping sentence void?

[IV.] **Record reasons for an imposed sentence**. On resentencing, following remand, the court shall make as a part of the record, and disclose in open court at the time of sentence, a statement of reason or reasons for the imposed sentence. In [Appellant's] five-minute resentencing this record does not make such a statement. Should this Court vacate [Appellant's] current sentence and resentence him to provide a reasoned statement?

Appellant's Brief at 8-9.[4]

This Court certified this case for *en banc* review to address the following issues: (1) Whether, under **Apprendi v. New Jersey**, 530 U.S. 466 (2000), the jury was required to render a separate finding of serious bodily injury for the crime of attempted murder to subject Appellant to the 40-year maximum sentence for such crime? (2) Whether the law of the case doctrine applies here based on the 2013 decision issued by a panel of this Court?

Appellant first argues that the trial court erred in applying Section 1102(c) of the Crimes Code, 18 Pa.C.S.A. § 1102(c), when it imposed a maximum term of imprisonment of 40 years for the offense of attempted murder in the absence of a jury finding of serious bodily injury arising from such offense. As a result, Appellant argues that his sentence for attempted murder violates the United States Supreme Court's decision in **Apprendi**,

_____

[4] We decline to address Appellant's second issue as a standalone issue because it is subsumed by his third and fourth issues on appeal.

wherein the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490; *accord Commonwealth v. Gordon*, 942 A.2d 174, 175 n.1 (Pa. 2007), *cert. denied*, 553 U.S. 1028 (2008); *Commonwealth v. Conaway*, 105 A.3d 755, 761 (Pa. Super. 2014), *appeal denied*, 118 A.3d 1107 (Pa. 2015). We agree.

At the outset, we note that Appellant's claim implicates the legality of a sentence. *Commonwealth v. Aponte*, 855 A.2d 800, 802 n.1 (Pa. 2004). "Issues relating to the legality of a sentence are questions of law . . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Brougher*, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

Section 1102(c) of the Crimes Code provides, "a person who has been convicted of attempt . . . to commit murder . . . where **serious bodily injury**[5] results may be sentenced to a term of imprisonment which shall be fixed by the court at **no more than 40 years**." 18 Pa.C.S.A. § 1102(c) (emphasis added). "Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the

---

[5] The Crimes Code defines "serious bodily injury" as [b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of a bodily member or organ." 18 Pa.C.S.A. § 2301.

court at not more than 20 years." ***Id.*** Indeed, in ***Commonwealth v. Johnson***, 910 A.2d 60 (Pa. Super. 2006), ***appeal denied***, 923 A.2d 1173 (Pa. 2007), we explained that Section 1102(c) "imposes a condition precedent to the imposition of a maximum term of imprisonment of up to 40 years, specifically, that 'serious bodily injury' must have resulted from the attempted murder. Otherwise, the sentence shall be not more than 20 years." ***Johnson***, 910 A.2d at 66. Serious bodily injury is "a fact that must be proven before a maximum sentence of [40] years may be imposed for attempted homicide." ***Commonwealth v. Reid***, 867 A.2d 1280, 1281 (Pa. Super. 2005), ***appeal denied***, 890 A.2d 1058 (Pa. 2005). Moreover, a defendant must be put on notice when the Commonwealth is seeking a 40-year maximum sentence for attempted murder. ***See id.*** at 1284

In ***Johnson***, the Commonwealth charged and the jury convicted the defendant of, *inter alia*, attempted murder and aggravated assault arising from the defendant's ambush and shooting of the victim who previously had testified for the Commonwealth against the defendant's brother in an unrelated first-degree murder case. During the attack in question on the victim, the defendant pointed a handgun at the victim's head and fired but missed. The defendant then pursued the victim and fired several more rounds at her, striking the victim in the heel of her foot. At sentencing, the trial court imposed upon the defendant a term of imprisonment of 17½ to 40 years for attempted murder.

Among other issues, the defendant challenged on appeal the attempted murder sentence based on insufficient evidence of serious bodily injury. The trial court reasoned that serious bodily injury had been established because the jury found the defendant guilty of the companion offense of aggravated assault. Relying, however, on the precepts of **Apprendi**, this Court explained:

> [I]t was not the prerogative of the trial court, but **solely the responsibility of the jury** in this case to find, beyond a reasonable doubt, whether a serious bodily injury resulted from the instant attempted murder.
>
>  . . . .
>
> Here, however, (1) [the defendant] was not charged with attempted murder resulting in serious bodily injury, (2) [the defendant] was not on notice that the Commonwealth sought either to prove that a serious bodily injury resulted from the attempted murder or to invoke the greater maximum sentence, and (3) the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder. Thus, the jury **verdict here was limited to** a finding of guilt on the crime of **attempted murder generally**, for which the maximum sentence is [20] years.

**Johnson**, 910 A.2d at 67-68 (emphasis added) (footnote omitted).

Instantly, our review of the record reveals that the docket sheet does not show that Appellant was charged with attempted murder resulting in serious bodily injury. Specifically, both the complaint and the information *sub judice* do not allege that Appellant caused serious bodily injury to the victim when he attempted to kill her. The verdict sheet in this case also is bereft of any mention of serious bodily injury with respect to the attempted

murder charge. Additionally, the jury here was not instructed to render a finding on whether serious bodily injury resulted from the criminal attempt. Particularly, the trial court instructed the jury as follows:

> [Appellant] has been charged with criminal attempt, murder. To find [Appellant] guilty of this offense you must find that the following three elements have been proven beyond a reasonable doubt:
>
> First, that [Appellant] did a certain act; that is, he physically assaulted and strangled [the victim].
>
> Second, that at the time of this alleged act, [Appellant] had the specific intent to kill [the victim]; that is, he had the fully formed intent to kill and was conscious of his own intention.
>
> And, third, that the act constituted a substantial step toward the commission of the killing [Appellant] intended to bring about.
>
> The meaning of substantial step: A person cannot be guilty of an attempt to commit a crime unless he or she does an act that constitutes a substantial step toward the commission of that crime.
>
> An act is a substantial step if it is a major step toward commission of the crime and also – and also strongly corroborates the jury's belief that the person at the time he did the act had a firm intent to commit the crime.
>
> I'll read that again, because they use the same words to define what you're supposed to understand.
>
> An act is a substantial step if it is a major step toward commission of the crime and also strongly corroborates the jury's belief that the person at the time he did the act had a firm intent to commit the crime.
>
> An act can be a substantial step even though other steps would have been taken before the crime could be carried out.
>
> If you are satisfied that the three elements of attempted murder have been proven beyond a reasonable doubt, you

should find [Appellant] guilty. Otherwise, you must find [Appellant] not guilty of this crime.

N.T. Trial, 2/28/12, at 214-15. The trial court repeated to the jury the same instructions for attempted murder three more times. *See id.* at 235-37, 244-47, and 260-63. As the foregoing indicates, the Commonwealth did not charge Appellant with attempted murder resulting in serious bodily injury. Appellant also was not on notice that the Commonwealth sought either to prove that a serious bodily injury resulted from the attempted murder or to invoke the greater maximum sentence.[6] Finally, and most importantly for purposes of *Apprendi*, the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder. Differently put, the issue of serious bodily injury resulting from the attempted murder was never submitted to the jury as an

_____

[6] Even if the Commonwealth had put Appellant on notice that it sought to prove serious bodily injury resulted from the attempted murder, Appellant's sentence still would have violated *Apprendi* if the jury did not find serious bodily injury in connection with attempted murder. Also, to the extent the Commonwealth relies on *Reid* to compel a different outcome here, such reliance is misplaced because *Reid* is procedurally and factually distinguishable. In *Reid*, the defendant entered into a plea of *nolo contendere*, agreeing with the Commonwealth's recitation of the facts underlying the charge of attempted murder. The facts with which the defendant agreed detailed the magnitude of the victim's injuries. *See Reid*, 867 A.2d at 1285 (noting that "[the defendant] admitted at his *nolo* plea colloquy that the victim suffered serious bodily injury in that he admitted she sustained eleven stab wounds and that her neck was slashed."). Accordingly, we concluded that the defendant sufficiently was on notice that the Commonwealth sought the maximum sentence of 40 years for attempted murder resulting in serious bodily injury. *Id.*

element of the crime or as a special interrogatory. Accordingly, consistent with **Johnson** and **Apprendi**, **supra**, we conclude that the trial court erred in sentencing Appellant to the maximum term of imprisonment of 40 years for attempted murder because the jury did not determine that serious bodily injury occurred relative to the attempted murder charge.

Nonetheless, the Commonwealth contends that the jury's finding with respect to the aggravated assault charge was sufficient to prove that the attempted murder charge involved a serious bodily injury. It is beyond dispute that the jury was instructed on, and subsequently found Appellant guilty of, aggravated assault causing serious bodily injury. At trial, the trial court specifically instructed the jury:

> The next crime is aggravated assault, **causing serious bodily injury**.
>
> The defendant has been charged with aggravated assault. To find the defendant guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt.
>
> First, the defendant **caused serious bodily injury** to [the victim].
>
> **Serious bodily injury** is bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
>
> And, second, that the defendant acted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.

N.T. Trial, 2/28/12, at 215-16 (emphasis added).

We, however, reject the Commonwealth's argument for two reasons. First, as we determined in *Johnson*, any finding by the jury of serious bodily injury for aggravated assault could not be used to infer that the jury found serious bodily injury for the attempted murder charge. *See Johnson*, 910 A.2d at 68 n.10; *accord Commonwealth v. Watley*, 81 A.3d 108, 119 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014). Specifically, we reasoned in *Johnson*:

> The fact that the jury may have considered the question of serious bodily injury when they were evaluating the Commonwealth's evidence supporting the charge of aggravated assault is not relevant to a sufficiency analysis on the separate charge of attempted murder "where serious bodily injury results." The Courts of Pennsylvania have consistently respected the authority of a jury to find, or to decline to find, the existence of each element of each criminal offense. Nor is there authority for a trial court to reason to a verdict of guilt by tacking the finding of culpability of one element of a companion offense on to a separate criminal offense upon which the jury had also rendered a verdict.

*Johnson*, 910 A.2d at 68 n.10 (citation omitted).[7] Thus, a jury's consideration of serious bodily injury for the aggravated assault count is not relevant to the attempted murder conviction. Attempted murder and aggravated assault are two distinct offenses—one inchoate and the other

_____

[7] Like the *Johnson* Court, we too emphasize that it is of no moment whether sufficient evidence existed to conclude that the attempted murder caused serious bodily injury. Rather, what is important is whether the jury rendered a factual finding on serious bodily injury in accord with *Apprendi* and related decisions affecting the law in this Commonwealth.

choate.  Here, Appellant was charged with aggravated assault *causing* serious bodily injury.  As noted, the jury was instructed on this offense and found beyond a reasonable doubt that Appellant caused serious bodily injury when he committed aggravated assault against the victim.  In contrast, as we stated earlier, Appellant was charged only with attempted murder generally and the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder.  Thus, consistent with *Johnson*, we cannot infer from the jury's finding of serious bodily injury relating to aggravated assault that the jury also found serious bodily injury relating to attempted murder.

Second, it is well-settled that inconsistent verdicts are permissible in this Commonwealth.  *See Commonwealth v. States*, 938 A.2d 1016, 1025 (Pa. 2007).  As we explained in *Commonwealth v. Petteway*, 847 A.2d 713 (Pa. Super. 2004):

> We note first that inconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal.  Consistency in verdicts in criminal cases is not necessary.  When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity.  Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict.  The rule that inconsistent verdicts do not constitute reversible error applies even where the acquitted offense is a lesser included offense of the charge for which a defendant is found guilty.

***Commonwealth v. Petteway***, 847 A.2d 713, 718 (Pa. Super. 2004) (citations and quotation marks omitted). Because juries are permitted to render inconsistent verdicts in this Commonwealth,[8] it was perfectly acceptable for the jury here to find serious bodily injury with respect to aggravated assault but not attempted murder. Moreover, as we detailed above, the jury here actually was never instructed nor asked to make a determination on serious bodily injury resulting from attempted murder. Based on these reasons, it would be improper for us to infer from the jury's finding of serious bodily injury relating to aggravated assault that the jury also found serious bodily injury relating to attempted murder.

Finally, the Commonwealth argues that the law of the case doctrine applies *sub judice*. Specifically, the Commonwealth argues that our 2013 decision in the instant matter precludes us from determining that the jury did not render a finding on serious bodily injury relating to attempted murder. We disagree.

As this Court explained in ***Commonwealth v. Gacobano***, 65 A.3d 416 (Pa. Super. 2013):

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the

---

[8] The parties here do not dispute that aggravated assault is a lesser-included offense of attempted murder. ***Commonwealth v. Anderson***, 650 A.2d 20, 24 (Pa. 1994).

earlier phases of the matter. . . . The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy . . . but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Gacobano*, 65 A.3d at 419-20 (quoting *Commonwealth v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005) (*en banc*) (additional citation omitted)). Therefore, under the law of the case doctrine,

when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata*; one directs discretion, and the other supercedes (sic) it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power.

*Id.* at 420 (quoting *McCandless*, 880 A.2d at 1268 (additional citation omitted)).

In the 2013 decision, a prior panel of this Court stated:

Appellant argues that his convictions for Aggravated Assault and Attempted Homicide arise from a single set of facts and, therefore, these offenses *merge for sentencing purposes*. *Commonwealth v. Rovinski*, 704 A.2d 1068, 1075 (Pa. Super. 2007). We note that the Commonwealth does not dispute Appellant's contention.

- 15 -

>     Upon review of the record, we are constrained to agree. The convictions in question arise from a single set of facts; namely, that Appellant choked the victim to unconsciousness. As such, the sentences for these offenses **merge for sentencing purposes**, and we are compelled to vacate Appellant's sentence.

**Barnes**, No. 691 MDA 2013, unpublished memorandum, at 2-3 (Pa. Super. filed December 3, 2013) (emphasis added).

As the foregoing excerpt from our 2013 decision demonstrates, the prior panel of this Court was not asked to address, nor did it address, the issue of whether the jury here rendered a serious bodily injury finding with respect to attempted murder. The prior panel likewise did not determine whether the jury's serious bodily injury finding relating to aggravated assault was sufficient to infer that the jury also found serious bodily injury for the attempted murder charge. In other words, no determination was made by the prior panel as to whether the jury found beyond a reasonable doubt that Appellant's choking of the victim constituted serious bodily injury for purposes of attempted murder. The prior panel, however, considered and addressed only a very narrow issue, *i.e.*, whether aggravated assault merged with attempted murder for purposes of sentencing. As stated, the prior panel determined that the two offenses merged because they arose from a single set of facts, *i.e.*, Appellant's choking of the victim to unconsciousness.

In sum, here as in **Johnson**, "the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder." **Johnson**, **supra** at 67 (footnote

omitted). Accordingly, we are constrained to vacate Appellant's sentence for attempted murder and remand for resentencing.

Next, Appellant argues that the trial court abused its discretion in imposing upon him a more severe sentence for kidnapping on remand than it did on his original sentence.[9] Consequently, he claims that his sentence on remand invites a presumption of vindictiveness.

Because Appellant's issues implicate only the discretionary aspects of his sentence, we note it is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal.

_____

[9] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

*Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we

stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super.

2006)). Whether a particular issue constitutes a substantial question about

the appropriateness of sentence is a question to be evaluated on a case-by-

case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa.

Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-

part *Moury* test. Appellant filed a timely appeal to this Court, preserved the

issue on appeal through his post-sentence motions, and included a Pa.R.A.P.

2119(f) statement in his brief.[10] We, therefore, must determine only if

Appellant's sentencing issues raise a substantial question.

---

[10] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015). Indeed, it is settled that Appellant's claim that his sentence on remand was a product of vindictiveness presents a substantial question for our review. *See Commonwealth v. Tapp*, 997 A.2d 1201, 1202-03 (Pa. Super. 2010) (noting that "alleging judicial vindictiveness . . . constitute[s] a substantial question mandating appellate review"), *appeal denied*, 12 A.3d 752 (Pa. 2010). Accordingly, we address the merits of Appellant's vindictiveness claim.

When a due process violation is raised regarding resentencing, this court must satisfy itself that an increase in a sentence is not the result of judicial vindictiveness. *See Commonwealth v. Walker*, 568 A.2d 201 (Pa. Super. 1989), *disapproved of on other grounds by Commonwealth v.*

***Robinson***, 931 A.2d 15, 20-22 (Pa. Super. 2007) (*en banc*).[11]   In ***North***

***Carolina v. Pearce***, 395 U.S. 711 (1969), ***overruled on other grounds***

***by Alabama v. Smith***, 490 U.S. 794 (1989), the United States Supreme

Court remarked:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.  And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant ***after a new trial***, the ***reasons for his doing so must affirmatively appear***.  Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.  And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

***Pearce***, 395 U.S. at 725-26 (footnote omitted) (emphasis added).  Although

***Pearce*** dealt with an increased sentence following the grant of a new trial,

we have held that ***Pearce***'s rationale for providing reasons on the record

---

[11] ***Walker*** and prior cases held that a claim of judicial vindictiveness in resentencing was a "non-waivable challenge to the legality of sentence." ***Robinson***, 931 A.2d at 22.  In ***Robinson***, however, an *en banc* panel of this Court overruled ***Walker*** and other cases on this issue by holding that claims of judicial vindictiveness, and any due process concerns arising therefrom, implicate only discretionary aspects of sentence.  ***Robinson***, 931 A.2d at 22.

applies also when the original sentence is vacated and a second sentence is imposed without an additional trial. *See Commonwealth v. Greer*, 554 A.2d 980, 987 n.7 (Pa. Super. 1983) (noting that *Pearce* applies to harsher sentence imposed by trial court after trial court granted post-trial request for resentencing).[12]  Thus, under *Pearce*, whenever a trial court imposes upon a defendant a more severe sentence following resentencing, the reasons for such sentence must be made a part of the record.  "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." *Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa. Super. 1999).

Here, the trial court originally sentenced Appellant on the kidnapping conviction to a consecutive term of 2½ to 5 years of incarceration.  On remand, however, the trial court was obligated to merge the offenses of aggravated assault with attempted homicide.  In so doing, the trial court doubled the kidnapping sentence to a consecutive term of 5 to 10 years' imprisonment.  In its opinion, the trial court explained that it "merely maintained its original sentencing structure by increasing the kidnapping [sentence] when the aggravated assault charge merged into the criminal

---

[12] Consistent with *Greer*, we must disagree with the trial court's conclusion that the instant case is distinguishable from *Pearce* based on the fact that Appellant did not proceed to a new trial, but rather was resentenced after this Court found a sentencing error. *See* Trial Court Opinion, 5/12/14, at 4.

attempt charge. In doing so, the [trial] court was able to maintain the original sentence." Trial Court Opinion, 5/12/14 at 4.

We find Appellant's argument that he received an enhanced sentence to be wanting. Appellant's argument requires us to look only at one part of his new sentence and compare it to one part of his old sentence without examining the overall sentencing scheme of both the new and old sentences. Appellant fails to note the trial court's overall sentencing scheme. Before his successful appeal in 2013, his aggregate sentence was 25 to 50 years' imprisonment. Thereafter, on remand, the trial court resentenced him to the same aggregate sentence. We have held that preserving the integrity of a prior sentencing scheme is a legitimate sentencing concern. *See Walker*, 568 A.2d at 205 ("Upon resentencing, a court has a valid interest in preserving the integrity of a prior sentencing scheme.") (citation omitted). Indeed, a trial court properly may resentence a defendant to the *same aggregate sentence* to preserve its original sentencing scheme. *See Commonwealth v. Bartug*, 732 A.2d 1287 (Pa. Super. 1999) (noting a resentence of 7½ to 15 years for burglary was lawful after not receiving a sentence for burglary and having been given previously the same sentence for theft by unlawful taking), *appeal denied*, 747 A.2d 896 (Pa. 1999). "[I]n most circumstances, a judge can duplicate the effect of the original sentencing plan by adjusting the sentences on various counts so that the aggregate punishment remains the same." *Walker*, 568 A.2d at 206. However, "[i]f a judge could have imposed the same aggregate sentence he

handed down at the original sentencing hearing, and . . . instead imposes a harsher aggregate sentence, the presumption of vindictiveness could not be rebutted by invoking the need to preserve the original sentencing plan." ***Id.***

In ***Commonwealth v. McHale***, 924 A.2d 664, 667 (Pa. Super. 2007), ***overruled in part on other grounds*** as stated in ***Commonwealth v. Robinson***, 931 A.2d 15 (Pa. Super. 2007), we upheld the trial court's resentencing of the defendant when his conviction on the most serious charges, two counts of aggravated assault, previously had been reversed based on insufficient evidence. ***McHale***, 924 A.2d at 673-74. After remand, to maintain the same total aggregate sentence as originally imposed, the trial court increased the overall sentence on the surviving counts. ***Id.*** at 667. Noting that the aggregate sentence remained unchanged, we upheld the new sentence. ***Id.*** at 674. In so doing, we noted:

> [O]ur conclusion is not altered by the fact that remand and resentencing were prompted by reversal of two of [the defendant's] convictions. . . . Whether remand is the result of reversal of one or more convictions or vacation of an illegal sentence, we conclude that the trial court has the same discretion and responsibilities in resentencing.

***Id.*** at 673-74.

Appellant here was not the victim of a vindictive sentence on the part of the trial court, as his aggregate sentence after remand remained the same. Put differently, consistent with ***Greer***, ***Walker***, and ***McHale***, the trial court's resentencing did not rise to vindictiveness because the trial court here sought to preserve the integrity of the original sentencing scheme by

imposing the same aggregate sentence. **See Commonwealth v. Vanderlin**, 580 A.2d 820, 831 (Pa. Super. 1990) (recognizing authority of the trial court, after reducing sentence on one count to accord with the law, to impose greater sentence on another count in order to insure appellant remained in prison for a certain length of time); **Commonwealth v. Grispino**, 521 A.2d 950, 954 (Pa. Super. 1987) (noting that trial court does not violate double jeopardy principles by increasing sentence on remand where aggregate term is not increased), **appeal denied**, 531 A.2d 1119 (Pa. 1987). Accordingly, Appellant is not entitled to relief on his due process claim under **Pearce**.[13]

_____

[13] Based upon our disposition of Appellant's first issue, we need not address his fourth issue. However, we remind the trial court that "[r]eimposing a judgment of sentence should not be a mechanical exercise." **Commonwealth v. Losch**, 535 A.2d 115 (Pa. Super. 1987). When a sentence is vacated and the case remanded for resentencing, the sentencing judge should start afresh; the requirement to state reasons for the imposition of sentence applies both to the original sentencing hearing and to all subsequent resentencing hearings. **Id.** at 123 n.9.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

President Judge Emeritus Bender, Judge Bowes, Judge Panella, Judge Lazarus, Judge Ott, Judge Dubow, and Judge Moulton join this Opinion.

Judge Ransom files a Concurring Statement in which Judge Dubow joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017