J-A07010-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| O'NEAL JAMEL OLIVE | |
| Appellant | No. 609 WDA 2015 |

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0009029-2014

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED: August 21, 2017

I join the Majority in holding that the evidence was sufficient to convict Appellant on all twelve counts for which he was convicted.

I also reluctantly join the Majority in holding that Appellant's sentence of 15 to 30 years for the attempted murder of Johnston was illegal because the jury did not make an explicit finding that Appellant caused serious bodily injury when he attempted to murder Johnston.  It is counter-intuitive to hold that the jury's finding of serious bodily injury in committing aggravated assault does not mean that there was serious bodily injury regarding attempted murder.  Yet both the recent case of **Commonwealth v. Barnes**, __ A.3d __, 2017 PA Super 215 (Pa. Super. July 10, 2017), and the case on which it relies, **Commonwealth v. Johnson**, 910 A.2d 60 (Pa. Super.

*Retired Senior Judge assigned to the Superior Court.

2006), *appeal denied*, 923 A.2d 1173 (Pa. 2007), so hold. We are bound by those decisions.

I disagree, however, with the Majority's failure to address one of Appellant's claims regarding the discretionary aspects of sentencing. Because we hold that the sentence of 15 to 30 years for the attempted murder of Johnston is illegal, and this upsets the overall sentencing scheme, we remand for resentencing and decline to reach the discretionary-aspects-of-sentencing claims.

The problem with this is that it seems highly unlikely that without guidance from this Court, the trial judge will depart from her maximum sentence for the attempted murders of Boyce and Carter. A maximum sentence for the attempted murder of Johnston is justified, based upon the victim impact statement of Johnston's husband. However, the other two victims, Boyce and Carter, suffered no injuries, did not appear at sentencing, and presented no victim impact statements. Nothing in the record justifies the maximum sentences for the attempted murders of those two.