J-S69007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEVENSON LEON ROSE | |
| Appellant | No. 1832 WDA 2016 |

Appeal from the Judgment of Sentence July 6, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000810-2008

BEFORE:  BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 28, 2018**

Stevenson Leon Rose appeals from his July 6, 2016 judgment of sentence of ten to twenty years incarceration, imposed after he was convicted of third-degree murder.  The trial court ran it consecutively to Appellant's original judgment of sentence, resulting in an aggregate sentence of twenty-five to fifty years imprisonment.[1]  After careful review, we vacate Appellant's judgment of sentence and remand for resentencing.

_____

[1] Appellant was originally convicted of aggravated assault, recklessly endangering another person, conspiracy, involuntary deviate sexual intercourse, and criminal attempt, based on the 1993 incident discussed *infra*.  In 1994, he received a sentence of ten to twenty years incarceration for aggravated assault and a consecutive sentence of five to ten years incarceration for conspiracy, with no addition penalty for the remaining charges, for an aggregate sentence of fifteen to thirty years imprisonment.
*(Footnote Continued Next Page)*

* Former Justice specially assigned to the Superior Court.

Our High Court previously set forth the salient factual and procedural

background:

> The facts of this case are particularly heinous. On July 13, 1993 [Appellant] and Shawn Sadik brutally attacked Mary Mitchell in a park in the East Liberty neighborhood of Pittsburgh. During the attack, the men kicked the victim in the head approximately 60 times, stabbed her in the throat, and inserted a 16-inch piece of aluminum framing into her vagina, causing serious internal injuries. The victim was left naked and bleeding until she was discovered by two individuals. The attack left the victim in a vegetative state. An investigation led police to [Appellant] and Sadik, and police recovered bloody clothing and shoes from [Appellant's] apartment later that day. [Appellant] provide police with a statement in which he admitted that he and Sadik attacked the victim after drinking and doing drugs.
>
> In March 1994, a jury convicted [Appellant] of attempted murder, aggravated assault, involuntary deviate sexual intercourse, recklessly endangering another person, and criminal conspiracy, and, on March 16, 1994, he was sentenced to 15 to 30 years incarceration. His judgment of sentence was affirmed on appeal by the Superior Court, and this Court denied his petition for allowance of appeal. ***Commonwealth v. Rose***, 664 A.2d 1059 (Pa.Super. 1995), *appeal denied*, 672 A.2d 306 (1995).
>
> On September 17, 2007, the victim succumbed to the injuries she sustained in the attack 14 years earlier, and, on October 9, 2007, the Commonwealth charged [Appellant] with criminal homicide. Rejecting his diminished capacity defense, the jury convicted [Appellant] of third-degree murder. At sentencing, [Appellant] maintained that he could be sentenced only to a maximum term of incarceration of 10 to 20 years, because, at the time he assaulted the victim, that was the

*(Footnote Continued)* ————————————

In 2010, Appellant was sentenced to twenty to forty years incarceration, concurrent to his original sentence, for third degree murder following the death of the victim. That sentence was vacated in 2016, and he was resentenced to the sentence at issue herein.

maximum allowable sentence for third-degree murder under 18 Pa.C.S. § 1103(1), which provides that a person convicted of a felony of the first degree may be sentenced "for a term which shall be fixed by the court at not more than 20 years." 18 Pa.C.S. § 1103(1). The Commonwealth argued, however, that because the victim's death did not occur until 2007, [Appellant's] crime of homicide was not "complete" until that time, and, therefore, [Appellant] was subject to the 20 to 40 year sentence for third-degree murder prescribed under 18 Pa.C.S. § 1102, which was amended in 1995 (two years after the attack) and provides: "Notwithstanding section 1103, a person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 1102(d). The sentencing court agreed with the Commonwealth, and sentenced [Appellant] to 20 to 40 years incarceration. [Appellant] was credited with approximately 17 ½ years of time served for his prior conviction.

[Appellant] appealed, and a panel of the Superior Court vacated his sentence and remanded for resentencing. The Commonwealth requested, and was granted *en banc* review by the Superior Court . . . The *en banc* panel concluded [Appellant's] sentence of 20 to 40 years violated the Ex Post Facto Clauses of both the United States and Pennsylvania Constitutions. . . . The Commonwealth filed a petition for allowance of appeal with this Court, which we granted in order to consider whether the Superior Court erred in holding that sentencing [Appellant] pursuant to 18 Pa.C.S. § 1102(d), which became effective after he committed the deadly assault on the victim, but before the victim died, would violate the prohibition against *ex post facto* laws.

***Commonwealth v. Rose***, 127 A.3d 794, 796-797 (Pa. 2015) (internal

footnotes omitted).

The Supreme Court affirmed and held that the imposition of a longer

sentence based upon an amendment to the statute that occurred after

Appellant committed the assault in question violated his rights under the Ex

Post Facto Clause. *Id*. Thus, the High Court remanded for resentencing pursuant to the statute in effect at the time of the assault.

Meanwhile, on June 14, 2016, Appellant was granted parole after serving twenty-three years of his original sentence of fifteen to thirty years imprisonment. However, he remained incarcerated on a detainer for his then-upcoming resentencing. Since his 2010 sentence of twenty to forty years imprisonment, which ran concurrent to his original sentence, was vacated, the trial court resentenced Appellant on July 6, 2016. At that proceeding, Appellant received a sentence of ten to twenty years imprisonment for third-degree murder, the statutory maximum, and the trial court imposed that sentence to run consecutively to his original sentence. Thus, Appellant received an aggregate sentence of twenty-five to fifty years incarceration, which was in excess of the twenty to forty year sentence he received in 2010.

Appellant filed a post-sentence motion challenging his sentence, which was denied by operation of law on November 21, 2016. He then filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant raises two questions for our consideration:

I. Whether the sentence imposed by the trial court is manifestly excessive, unreasonable, or an abuse of discretion?

II. Whether the trial court's imposition of a consecutive sentence constitutes vindictiveness?

Appellant's brief at 1.

Appellant's issues challenge the discretionary aspects of his sentence. We have long held that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Barnes*, 167 A.3d 110, 122 (Pa.Super. 2017) (citation omitted). Instead, such challenges are considered petitions for allowance of appeal. *Id*. An appellant who wishes to challenge the discretionary aspects of his sentence must satisfy a four-part test to invoke this Court's jurisdiction:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appeal from is not appropriate under the Sentencing Code.

*Id*. (citation omitted). Finally, "[w]hether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis." *Id*. (citation omitted).

Here, Appellant preserved his claimed errors in a post-sentence motion and filed a timely notice of appeal after that motion was denied by operation of law. In addition, he appended to his appellate brief a statement pursuant to Pa.R.A.P. 2119(f) entreating this Court to review the merits of his

challenge to the discretionary aspects of his sentence. Hence, we must only determine whether his claims raise a substantial question.

A substantial question exists when an appellant raises "a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. at 122-123. Appellant first argues that his sentence is excessive and unreasonable because the resentencing court emphasized the seriousness of his offense and failed to consider his rehabilitative needs and other mitigating circumstances, which militated in favor of a lesser sentence. Appellant's brief at 18-19. We have previously held that such a claim raises a substantial question. *See Commonwealth v. Knox*, 165 A.3d 925, 929-930 ("[The] claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as his mental health history and difficult childhood, raises a substantial question.").

Next, Appellant claims that the imposition of his sentence consecutively to his previous judgment of sentence following remand from the Supreme Court evinces judicial vindictiveness. Appellant's brief at 19. We have also previously determined that a claim of judicial vindictiveness following a remand for resentencing raises a substantial question. *Barnes*, *supra* at 123 ("[I]t is settled that Appellant's claim that his sentence on remand was a product of vindictiveness presents a substantial question for

our review.")  As such, Appellant has invoked our jurisdiction, and we may reach the merits of this appeal.

Since we find that Appellant's second issue is dispositive, we will consider it first.  Appellant alleges that his sentence constituted a violation of due process, as it reflects judicial vindictiveness.  We observe,

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.  Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.  And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa.Super. 2017) (citing

*North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other*

*grounds by* *Alabama v. Smith*, 490 U.S. 794 (1989) (emphasis omitted)).

The *Pearce* rationale also "applies when the original sentence is

vacated and a second sentence is imposed without an additional trial."  *Id*.

(citation omitted).  As such, "whenever a trial court imposes upon a

defendant a more severe sentence following resentencing, the reasons for

such sentence must be made part of the record." *Id*. at 124. "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." *Id*. (citation omitted).

In addition, we have previously held that

> when a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. Reimposing a judgment of sentence should not be a mechanical exercise. Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty imposed on the defendant – especially where defense counsel comes forward with relevant evidence which was not previously available. Thus, appellant's conduct since the prior sentencing hearing is relevant at resentencing. The sentencing judge must take note of this new evidence and reevaluate whether the jail term which appellant received is a just and appropriate punishment.

*Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa.Super. 2016) (cleaned up) (citing *Commonwealth v. Jones*, 640 A.2d 914, 919-920 (Pa.Super. 1994)).

To recap, in 2010, after he was convicted for third degree murder following the victim's death, Appellant was sentenced to a term of incarceration of twenty to forty years incarceration. The sentencing court at that time did not run Appellant's sentence consecutive to his original sentence of fifteen to thirty years imprisonment, but rather, ran them concurrently for a total sentence of twenty to forty years imprisonment.

Upon appeal, we vacated the sentence for third degree murder, and the Supreme Court affirmed our holding, finding that Appellant's sentence was unconstitutional. After remand, the same sentencing court resentenced Appellant to ten to twenty years imprisonment, based on the statutory maximum applicable at the time he assaulted Ms. Mitchell. However, the court imposed that sentence consecutive to his prior aggregate sentence of fifteen to thirty years incarceration for a total sentence of twenty-five to fifty years.

Appellant argues that the sentencing court's imposition of his sentence of ten to twenty years incarceration consecutive to his prior sentence represents judicial vindictiveness since it resulted in a longer aggregate sentence than what he faced prior to resentencing. He maintains that the circumstances between his sentencing in 2010 and 2016 were largely unchanged, and in fact, favored a lesser sentence. Thus, the trial court had no basis for extending his sentence in this way.

Specifically, Appellant argues that his post-offense conduct, especially his behavior following the imposition of sentence in 2010, was salutary. He emphasizes the reasoning employed by the Pennsylvania Board of Parole and Probation when it granted his parole. Appellant alleges that he was granted parole "because of his participation in and completion of all prescribed programs; the positive recommendation made by the Department of Corrections on his behalf (the direct result of exemplary institutional

comportment); his demonstrated motivation for success; his acceptance of responsibility for the offense; and his state of remorse for the offense committed."[2] Appellant's brief at 31 (citations to the record omitted). He maintains that the court did not mention any of these factors in rendering his sentence, and that the court could not rely solely on its review of his presentence report since it was authored in 2010, and thus, it did not include the mitigating conduct he had engaged in since that time.[3]

Essentially, Appellant's argument reduces to the claim that, where a sentencing court imposes a longer sentence following remand for resentencing, the reasons for doing so must be expressed on the record, and that the court's failure to enunciate such reasons herein raises a presumption of vindictiveness that cannot be overcome based on the record before us.[4]

_____

[2] We note that the Department of Corrections and the Board of Probation and Parole entered into a memorandum of understanding ("MOU") in October 2017. The MOU set forth the agencies' agreement to consolidate and coordinate overlapping functions under the auspices of the Department of Corrections, including the full integration of the community reentry and parole supervision functions of those departments. However, the Board of Probation and Parole continues to exercise exclusive and independent power of parole decisions.

[3] The presentence investigation report was not made part of the certified record.

[4] Appellant also raises the claim that the Supreme Court determined that his sentence could not exceed ten to twenty years incarceration, and thus, the
*(Footnote Continued Next Page)*

Instantly, we observe that, during the sentencing hearing, counsel for Appellant apprised the court of the sentencing guidelines that were in effect at the time of Ms. Mitchell's assault in 1993. N.T. Sentencing, 7/6/16, at 3-5. He also summarized Appellant's accomplishments and the evidence of his good behavior, including his exemplary conduct while imprisoned, completion of educational courses, employment, and his remorse. *Id*. at 7-8. Counsel indicated that Appellant had been recently paroled, and read to the court portions of a letter from the Department of Corrections outlining the reasons Appellant was granted parole. *Id*. at 9-10. Appellant spoke on his own behalf, and reiterated his regret for Ms. Mitchell's injuries. *Id*. at 12.

The trial court offered the following remarks when imposing Appellant's sentence:

> The Court: It was at – he was found guilty of the charge of murder of the third degree, and so at that, that's what I'm sentencing at and I'm imposing the following sentence. This is based on the guidelines, everything I've heard, everything I heard at trial, just totality of the circumstances really. I reviewed the entire case file before coming in today and I am imposing sentence.

*(Footnote Continued)* ───────────

sentence imposed represents an abuse of the sentencing court's discretion. We note that the Supreme Court's determination that Appellant's sentence was unconstitutional had no bearing on the sentencing court's discretion to run his term of imprisonment consecutively to his original sentence.

N.T. Sentencing Hearing, 7/6/16, at 27.[5]

Pursuant to **Pearce**, **supra**, in order to increase Appellant's sentence, the sentencing court was mandated to affirmatively state its reasons for doing so on the record. **Barnes**, **supra**; **Pearce**, **supra**. We do not find that the trial court's pronouncement that Appellant's sentence was based on "everything [it] heard" satisfied this burden. Our conclusion is bolstered by the fact that defense counsel apprised the court of Appellant's progress towards rehabilitation while incarcerated, and that progress undoubtedly militated in favor of a lighter sentence.

It is beyond cavil that the purposes underlying our system of criminal punishment is premised in part upon a theory of rehabilitation.

_____

[5] In its Rule 1925(a) opinion, the trial court offered that "[t]he sentence imposed by this [court] was sufficient, but not greater than necessary to reflect the seriousness of the offense, and to provide a just punishment for the offense. The sentence will afford adequate deterrence to criminal conduct, and will protect the public from further crimes by [Appellant]." Trial Court Opinion, 3/27/17, at 3. This reasoning was not offered on the record at the sentencing proceeding, and we are cognizant that we cannot consider the court's rationale as stated in a later opinion. **Commonwealth v. Flowers**, 149 A.3d 867 (Pa.Super. 2016) (citing **Commonwealth v. Giles**, 449 A.2d 641 (Pa.Super. 1982)).

Further, we observe that the trial court may have been confused as to the effect of its sentence based on assurances by the Commonwealth that such a sentence would merely "maximiz[e] the parole time that [Appellant] would have[.]" N.T. Sentencing, 7/6/16, at 14. Nonetheless, defense counsel apprised the court that the sentence imposed herein would lead to the aggregate sentence of twenty-five to fifty years imprisonment, and thus, the court was aware of the effect of its sentence. **Id**. at 24-25.

*Commonwealth v. Williams*, 652 A.2d 283, 285 n.1 (Pa. 1994). Rehabilitation has always been the noblest pursuit of our criminal justice system. In addition to the protection of the public and deterrence, the time a convicted criminal spends incarcerated is designed to provide the treatments necessary, and the skills required, for that individual to reenter society with the requisite tools to cope with the challenges of modern living without resorting to criminal conduct. Here, the evidence demonstrated Appellant significantly benefitted from programs geared towards his rehabilitation. As stated, he was poised for release on parole immediately prior to resentencing, when the Board of Probation and Parole had fully considered all of the facts of his case, including the subsequent death of Ms. Mitchell.

In light of the evidence of Appellant's rehabilitation, which, as noted above, the sentencing court was not only aware of, but was required to consider, *Serrano*, *supra*, the court was obligated to provide objective information on the record as to why the protection of the public and the gravity of the offense outweighed Appellant's rehabilitative progress. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006) (noting that, when imposing a sentence, the court must consider the factors set forth in 42 Pa.C.S. § 9721(b), that is, the protection of the public, the gravity of the offense in relation to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.). This is

especially significant since the Board of Probation and Parole, only a month prior to resentencing, had determined that Appellant's conduct while incarcerated was laudable, and on that basis, granted him parole. Indeed, on the record before us, we are unable to determine the extent to which, if any, the sentencing court considered the evidence proffered by Appellant, or on what basis an increased sentence was justified. Hence, we must presume that Appellant's sentence resulted from judicial vindictiveness, vacate Appellant's judgment of sentence, and remand for resentencing consistent with this writing. **Barnes**, **supra**; **Serrano**, **supra**. As we find that Appellant's second issue warrants relief, we need not consider his first claimed error.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge Ransom joins the memorandum.

P.J.E. Stevens files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2018