J-S32013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE ANTOINE THOMAS | : | |
| | : | |
| Appellant | : | No. 1333 MDA 2017 |

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005820-2002

BEFORE:  PANELLA, J., NICHOLS, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 12, 2018**

Shane Antoine Thomas appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his probation violation and resentencing. Specifically, Thomas opposes the trial court's directive that he register as a sexual offender under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.14, 9799.15. For the following reasons, we affirm in part and vacate in part Appellant's judgment of sentence.

Given our resolution, we briefly summarize the facts and procedural history as follows. Thomas entered a guilty plea to attempted rape, indecent assault, simple assault, and terroristic threats. The court sentenced him to an agreed-upon two to four years of incarceration, followed by ten years of probation. At sentencing, Thomas also signed a document acknowledging that he would be a lifetime registrant under then-applicable Megan's Law II.

_____

* Retired Senior Judge assigned to the Superior Court.

Thomas subsequently violated his probation a remarkable *six* times afterward. Following the most recent violation, he was sentenced to an additional three to six years of incarceration. At sentencing, defense counsel requested an order declaring SORNA inapplicable to Thomas, based on the Pennsylvania Supreme Court's recent decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). The sentencing court denied counsel's request. This appeal is now before us.

Thomas's sole challenge on appeal is to his status as a sex offender registrant. Thomas argues that after the **Muniz** decision, he is no longer required to register as a sexual offender under SORNA. He posits that he is therefore released from all sexual offender registration obligations. While Thomas is correct that he is no longer required to register under SORNA, we disagree that he is released from all registration requirements.

"Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Barnes**, 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*) (citation omitted).

The **Muniz** decision found that retroactive application of SORNA violated both the United States and Pennsylvania's constitutional provisions against the imposition of *ex post facto* laws. **See Muniz**, 164 A.3d at 1193. Our Court then confronted the issue of how to address appellants who, sentenced under Megan's Law in accordance with plea agreements, then violated these agreements and were subject to SORNA in **Commonwealth v. Fernandez**,

___ A.3d. ___, 2018 WL 4237535 (Pa. Super., filed September 5, 2018) (*en banc*). The appellants in ***Fernandez*** all accepted plea deals, most of which included a fixed term of sexual offender registration under then-Megan's Law II. The appellants were later resentenced for violations of parole or probation, and thereafter subject to SORNA's registration requirements. After the ***Muniz*** decision, appellants challenged the application of SORNA to their cases. The ***Fernandez*** *en banc* panel found that SORNA registration requirements were no longer applicable to appellants. However, the Court did not release appellants from all reporting obligations. Instead, finding that the legislature's new Act 29 addressed only the increased length of registration time for certain crimes under SORNA and not the enhanced registration *conditions*, the Court held appellants were subject to the original periods of sexual offender registration and conditions imposed at the time of their plea bargains.

Here, Thomas agreed to a lifetime reporting requirement under Megan's Law II at the time of his initial guilty plea. After ***Muniz*** and ***Fernandez***, we agree that Thomas cannot be retroactively subject to SORNA's requirements, despite violating his probation. Though SORNA's retroactive application to Thomas could not have increased his already lifetime reporting requirement, applying SORNA's enhanced reporting requirements to Thomas nevertheless violates the dictates of ***Muniz***. ***See Muniz***, 164 A.3d at 1193; ***Commonwealth v. Horning***, ___ A.3d ___, ___, 2018 WL 3372367, *5 (Pa. Super., filed July 11, 2018). Therefore, we vacate in part Thomas's judgment of sentence, to the extent it requires him to register as a sexual offender

pursuant to SORNA, and hold that Thomas is instead subject to the initial period of sexual offender registration and corresponding conditions imposed at the time of his plea bargain. The trial court shall correct the sentence on remand.

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2018