J-S24002-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTY L. SMITH | : | |
| | : | |
| Appellant | : | No. 1315 MDA 2017 |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005216-2010

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 24, 2018**

Appellant, Christy L. Smith appeals from the judgment of sentence entered on July 21, 2017, as made final by the denial of her post-sentence motion on August 7, 2017. Appellant argues that her sentence was excessive and that she is not subject to the registration requirements under the Sexual Offender Registration and Notification Act ("SORNA") set forth in Title 42, Part VII, Chapter 97, Subchapter H ("Subchapter H") because retroactive application of these requirements violates the *ex post facto* clause. After careful consideration, we hold that the trial court did not abuse its discretion in sentencing Appellant; however, imposition of Subchapter H's registration requirements violated the *ex post facto* clause. Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this memorandum.

This Court explained that:

> In 2008, J.J., a 15-year-old sophomore at a public school in Lancaster, was a student in Appellant's English class. J.J. confided in Appellant, first spending a significant amount of time with her at school during and after normal school hours. Later, J.J. began to see Appellant outside of school as well. Eventually, their relationship took on a sexual dimension. J.J. testified that he engaged in three sexual encounters with Appellant. During the first occasion, in November of 2008, the two engaged in oral and vaginal intercourse. Later that same month, the two showered together, engaged in oral and vaginal intercourse and, at one point, Appellant used a vibrating sex toy on J.J. On the third occasion, during Christmas break the following month, Appellant and J.J. showered together and then engaged in oral and vaginal intercourse. The sexual contact between the two ended in January of 2009 as a result of an investigation by the school district into their relationship.

**Commonwealth v. Smith**, 87 A.3d 890 (Pa. Super. 2013) (unpublished memorandum), at 2 (internal citations omitted).

On July 6, 2012, the Commonwealth charged Appellant via an amended criminal information with six counts of involuntary deviate sexual intercourse,[1] three counts of statutory sexual assault,[2] three counts of unlawful contact with a minor,[3] and one count of corruption of minors.[4] Appellant was also charged with offenses related to her relationship with another student. The cases were consolidated for trial and the trial court denied Appellant's motion to sever the

---

[1] 18 Pa.C.S.A. § 3123(a)(7).

[2] 18 Pa.C.S.A. § 3122.1.

[3] 18 Pa.C.S.A. § 6318(a)(7).

[4] 18 Pa.C.S.A. § 6301(a)(1).

charges involving J.J. from the charges involving the other student. Appellant was convicted; however, this Court vacated Appellant's judgment of sentence after concluding that the trial court erred by denying her motion to sever. *See id.* at 8-18.

On remand, Appellant proceeded to trial on the instant criminal information. On March 26, 2014, she was convicted of two counts of involuntary deviate sexual intercourse, one count of statutory sexual assault, one count of unlawful contact with a minor, and one count of corruption of minors. On May 20, 2014, the trial court sentenced her to an aggregate term of 14 to 30 years' imprisonment. This Court affirmed and our Supreme Court denied allowance of appeal. *Commonwealth v. Smith*, 121 A.3d 1144, 2015 WL 6166608 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1201 (Pa. 2015).

Appellant filed a timely Post-Conviction Relief Act ("PCRA") petition and, on March 30, 2017, the PCRA court granted relief on Appellant's claim that she received an illegal sentence and denied the petition in all other respects. On July 31, 2017, the trial court sentenced Appellant to an aggregate term of 14 to 28 years' imprisonment. It also informed Appellant that she was subject to Subchapter H's registration requirements. Appellant filed a post-sentence

motion and the trial court denied that motion on August 7, 2017. This timely appeal followed.[5]

Appellant presents two issues for our review:

1. Whether the imposition of consecutive sentences resulting in an aggregate sentence of [14 to 28 years' imprisonment] was clearly unreasonable and manifestly excessive?

2. [Whether the trial court erred by notifying Appellant that she was subject to SORNA's Subchapter H registration requirements?]

Appellant's Brief at 5 (complete capitalization removed).

In her first issue, Appellant argues that she received an excessive sentence. This issue challenges the discretionary aspects of her sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of her sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of her sentence. **Id.**

In order to reach the merits of a discretionary aspects claim,

we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

---

[5] On August 22, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On August 28, 2017, Appellant filed her concise statement. On November 6, 2017, the trial court issued its Rule 1925(a) opinion. Both of Appellant's issues were included in her concise statement.

***Commonwealth v. Foust***, 180 A.3d 416, 439 (Pa. Super. 2018) (cleaned up). Appellant filed a timely notice of appeal, preserved the issue in her post-sentence motion, and included a Pennsylvania Rule of Appellate Procedure 2119(f) statement in her appellate brief. Thus, we turn to whether Appellant raises a substantial question related to the discretionary aspects of her sentence.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). "A substantial question is raised when an appellant advances a colorable argument that the trial court's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Patterson***, 180 A.3d 1217, 1232 (Pa. Super. 2018) (cleaned up).

In her Rule 2119(f) statement, Appellant argues that this case presents a substantial question because imposition of consecutive sentences for multiple sexual misconduct convictions was clearly unreasonable and resulted in an excessive sentence. This argument presents a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). Accordingly, we proceed to analyze the merits of Appellant's discretionary aspects challenge.

"Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Barnes*, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*) (citation omitted). Pursuant to statute, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b), however, the record as a whole must reflect due consideration by the court of the statutory considerations at the time of sentencing." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017), *appeal denied*, 184 A.3d 944 (Pa. 2018) (cleaned up). Moreover, when a trial court reviews a presentence investigation report prior to imposing a sentence, "we can assume the trial court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Radecki*, 180 A.3d at 471 (cleaned up).

When sentencing a defendant, the trial court is required to consider the sentencing guidelines. *Commonwealth v. Melvin*, 172 A.3d 14, 21 (Pa. Super. 2017) (citation omitted). Because the trial court sentenced Appellant within the sentencing guidelines, she is only entitled to relief on her

discretionary aspects claim if "the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

Appellant argues that an aggregate sentence of 14 to 28 years' imprisonment for her sexual contact with J.J. was manifestly excessive and clearly unreasonable. We disagree. Contrary to Appellant's argument, these charges did not arise from a "consensual" relationship with J.J. **See** Appellant's Brief at 9. Our General Assembly has determined that individuals under the age of 16 are incapable of consenting to sexual contact with an adult who is at least four years older. **See Commonwealth v. Parsons**, 969 A.2d 1259, 1271 (Pa. Super. 2009) (*en banc*), *appeal denied*, 982 A.2d 1228 (Pa. 2009). The trial court had ample grounds to impose a lengthy sentence in this case given that Appellant used her position of trust and her knowledge of J.J.'s mental health status to engage in a non-consensual sexual relationship with a minor.

The trial court reviewed statements by J.J. and his grandmother. These statements showed that J.J. suffered severe emotional distress as a result of his sexual contact with Appellant. The trial court also found that Appellant knew J.J. suffered from mental health problems at the time of the assaults and encouraged him not to take his prescribed medications.[6] Appellant then repeatedly engaged in oral sex and vaginal intercourse with him.

---

[6] Although Appellant views the evidence differently, at trial there was testimony that Appellant told J.J. he probably did not need to take the medication.

Appellant notes that she had no prior criminal record and had been an exemplary inmate. The trial court, however, explicitly considered the lack of a past criminal history. *See* N.T., 5/20/14, at 19.[7] Hence, contrary to Appellant's argument, this case is not analogous to those cases in which trial courts focused only on the nature of the defendants' crimes. Instead, the trial court weighed the relevant statutory factors and found that two factors, the nature of the crime and the impact of the crime on the victim, deserved significant weight. We ascertain no abuse of discretion in this weighing of the relevant sentencing factors.

Although Appellant acknowledges the trial court had the authority to impose separate sentences for different criminal offenses, she argues that running the sentences consecutively was an error. It is well-settled that "imposition of consecutive rather than concurrent sentences rests within the trial court's discretion." *Commonwealth v. Harvard*, 64 A.3d 690, 703 (Pa. Super. 2013), *appeal denied*, 77 A.3d 636 (Pa. 2013) (citation omitted). Moreover, extensive case law in this jurisdiction holds that defendants convicted of multiple offenses are not entitled to a "volume discount" on their aggregate sentence. *E.g. Commonwealth v. Green*, 149 A.3d 43, 54 (Pa. Super. 2016), *appeal denied*, 168 A.3d 1255 (Pa. 2017) (citation omitted). In this case, Appellant committed multiple sexual offenses, on multiple

---

[7] The trial court incorporated by reference this testimony from the 2014 sentencing hearing at the 2017 sentencing hearing. *See* N.T., 7/31/17, at 3.

occasions, and the trial court reasonably found that separate, consecutive punishments were appropriate.

Appellant betrayed the trust of her community and her students by engaging in repeated sexual contact with J.J. Her conduct has left him with emotional scars that may never heal. Under these circumstances, a sentence of 14 to 28 years' imprisonment, which is within the guidelines range, was not clearly unreasonable. Hence, Appellant is not entitled to relief on her discretionary aspects claim.

In her second issue, Appellant argues that the trial court erred by requiring her to comply with Subchapter H's registration requirements. Specifically, she argues that, because her offenses occurred prior to SORNA's effective date, application of Subchapter H's registration requirements violates the *ex post facto* clause. This presents a pure question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Muniz***, 164 A.3d 1189, 1195 (Pa. 2017).

In Appellant's view, it is immaterial that she was ultimately convicted, and sentenced, after SORNA's effective date. According to Appellant, our Supreme Court's decision in ***Muniz*** controls and she is not subject to Subchapter H's registration requirements because she committed the instant offenses prior to SORNA's effective date. On the other hand, the Commonwealth contends that Pennsylvania Acts 10 and 29 of 2018 cured the constitutional defects our Supreme Court identified in ***Muniz*** and that

requiring Appellant to comply with the newly created registration requirements set forth at 42 Pa.C.S.A. § 9799.51 *et seq*. does not violate the *ex post facto* clause.[8]

In **Muniz**, our Supreme Court held that SORNA's Subchapter H registration requirements were punitive and, therefore, criminal in nature. Hence, our Supreme Court held that retroactive application of Subchapter H's registration requirements to defendants whose crimes occurred prior to SORNA's effective date violated the *ex post facto* clause.

Appellant was convicted of committing offenses that occurred prior to SORNA's effective date. Hence, Appellant's sentence was illegal because it required her to comply with Subchapter H's registration requirements. We therefore vacate the portion of Appellant's judgment of sentence requiring her to register under Subchapter H. We remand to the trial court where the Commonwealth may argue that Appellant is subject to the registration

---

[8] In response to our Supreme Court's decision in **Muniz** and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 2018 WL 3633945 (Pa. July 31, 2018) (holding that certain of the sexually violent predator provisions of SORNA were constitutionally infirm), the Pennsylvania General Assembly passed Acts 10 and 29 of 2018. The express purpose of both legislative enactments was to cure SORNA's constitutional defects. **See** 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [**Muniz** and **Butler**].") Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date, *i.e.,* December 20, 2012. Our General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date.

requirements set forth in Subchapter I, 42 Pa.C.S.A. § 9799.51 *et seq*. We affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018