J-S66025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE HART | : | |
| | : | |
| Appellant | : | No. 3643 EDA 2017 |

Appeal from the Judgment of Sentence September 22, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013669-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.:                **FILED APRIL 04, 2019**

Willie Hart appeals from the judgment of sentence entered on September 22, 2017, after being found guilty of multiple crimes of sexual violence. Upon review, we vacate the portion of Hart's sentence deeming him to be a sexually violent predator ("SVP") and remand for additional proceedings consistent with this memorandum.

We briefly summarize the facts and procedural history relevant to this appeal as follows. Hart sexually assaulted and raped a relative ("the victim") for months after she moved in with him to escape an abusive husband. On October 12, 2013, Hart was charged after he repeatedly punched the victim in the face when she attempted to avoid further sexual assault. After a bench trial, the court found him guilty of rape, sexual assault, incest, indecent

exposure, indecent assault, and simple assault. Sentencing was deferred for preparation of a Sexual Offenders Assessment Board ("SOAB") report.

On January 8, 2016, the trial court denied Hart's post-trial motion for a new trial and sentenced Hart to an aggregate term of thirty to sixty years' incarceration. At the same hearing, the court found Hart to be an SVP upon the SOAB's recommendation. N.T., 1/8/2016, at 4.

On direct appeal, this Court found that this sentence violated his jury waiver agreement. *See Commonwealth v. Hart*, 381 EDA 2016, at 12-14 (Pa. Super., filed January 24, 2017) (unpublished memorandum). On September 22, 2017, the court resentenced Hart to an aggregate term of fourteen to twenty-eight years' incarceration and reimposed his designation as an SVP. N.T., 9/22/2017, at 36. This appeal followed.

Hart's sole argument[1] is that his SVP designation should be vacated and the matter remanded to the trial court to issue a revised determination and notice of SORNA reporting requirements because the SVP designation procedure under SORNA has since been held to be unconstitutional and illegal

_____

[1] Hart's counsel filed a statement of intent to file an *Anders* brief in lieu of the statement of matters complained of in this Court. However, counsel has recognized the intervening *Butler* decision. We thus review this issue despite any claim of waiver due to Hart's failure to include it in his Pa.R.A.P. 1925 statement. *See Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) ("Legality of sentence questions are not waivable and may be raised *sua sponte* by [an appellate court]"). All other issues are waived for purposes of this appeal. *See Commonwealth v. Hill*, 6 A.3d 484 (Pa. 2011) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) and *Commonwealth v. v. Butler*, 173 A.3d 1212, 1217 (Pa. Super. 2017).

The Commonwealth, in its brief, agrees that Hart's SVP designation should be vacated. The Commonwealth states that upon review of the record, and pursuant to *Butler*, Hart's SVP designation should be vacated but "the remaining portions of his sentence should not be disturbed." Appellee's Brief, at 7. The trial court also concedes that *Butler* renders Hart's SVP designation illegal. *See* Trial Court Opinion, 3/16/18, at 2-3.

"Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Barnes*, 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*) (citation omitted).

In *Muniz*, our Supreme Court held that the registration requirements under the Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment. Then, in *Butler*, a panel of this Court concluded that, in light of *Muniz* classifying registration requirements as punitive, "section 9799.24(e) of SORNA [relating to SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." 173 A.3d at 1218. Because the statute outlining SVP designation, 42 Pa.C.S.A. § 9799.24(e)(3), identifies the trial court as the sole fact-finder for SVP designations, the *Butler*

court found this section unconstitutional[2]. **See id**. So, the **Butler** panel vacated the appellant's SVP status and remanded to the trial court to issue appropriate notice under 42 Pa.C.S.A. § 9799.23, as to appellant's registration obligation. **See id**.

In light of **Muniz** and **Butler**, Hart's SVP status constitutes an illegal sentence. Therefore, we vacate that portion of Hart's sentence finding him to be an SVP and remand to the trial court to issue a revised notice to Hart pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders).

Judgment of sentence vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/19

---

[2] The Pennsylvania Legislature has endeavored to resolve the issues raised in **Muniz** by passing a law to replace the invalidated portions of SORNA. **See** 2018 Pa. Legis. Serv. Act 2018-29 (H.B. 1952) (approved June 12, 2018) ("Act 29"), amending Title 42 (Judicial Procedure) of the Pennsylvania Consolidated Statutes. However, it does not amend the SVP provisions in 42 Pa.C.S.A. § 9799.24. **See** 42 PA.C.S.A. § 9799.52 and 9799.55.