J-S40040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN RANDALL GALMISH | : | |
| | : | |
| Appellant | : | No. 251 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 3, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0001144-2017

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JULY 30, 2019**

Benjamin Randall Galmish (Galmish) appeals from the judgment of sentence of two and one-half to 10 years' incarceration imposed by the Court of Common Pleas of Crawford County (trial court) following his guilty plea to Involuntary Manslaughter and Delivery of Heroin.  He alleges that the 10 year maximum sentence was excessive and an abuse of the trial court's discretion. We affirm.

Galmish was charged for his role in the death of Brandon McAleer, his friend of 17 years.  On July 1, 2016, Galmish bought heroin from a dealer that, apparently unbeknownst to him,[1] was laced with fentanyl.  Galmish sold

_____

[1] At sentencing, the Assistant District Attorney stated, "Factually, what happened here was the defendant procured some substances.  It turned out

_____
*  Retired Senior Judge assigned to the Superior Court.

McAleer $20 worth of the heroin, who then overdosed and died. Galmish called 911 and initially told the responding officers that McAleer had overdosed on Valium but later said McAleer ingested heroin.

The Commonwealth charged Galmish with Drug Delivery Resulting in Death, Involuntary Manslaughter, Delivery of Heroin, and Possession of Heroin.[2] Pursuant to a plea agreement, Galmish pleaded guilty to Involuntary Manslaughter and Delivery of Heroin, with the remaining two counts withdrawn. The parties further agreed that the minimum sentence was two and one-half years' incarceration but with no agreement as to the maximum sentence. The trial court accepted the plea and ordered a pre-sentence report. Galmish received the previously-mentioned sentence[3] and timely requested reconsideration contending that the maximum sentence was excessive. After the reconsideration was denied, Galmish filed this appeal again alleging his maximum sentence is excessive.

_____

to be a heroin mixture with fentanyl. He didn't know that at the time." N.T. Sentencing, 1/3/19, at 6. The ADA later stated, "Again, the defendant did not know, I believe, that there was a fentanyl mixture in there." *Id*.

[2] 18 Pa.C.S. § 2506(a); 18 Pa.C.S. § 2504(a); 35 P.S. § 780-113(a)(30); and 35 P.S. § 780-113(a)(16).

[3] The trial court imposed a sentence of 15 to 90 months of incarceration at Delivery of Heroin and a consecutive sentence of 15 to 30 months of incarceration for Involuntary Manslaughter.

Preliminarily, it is well-settled that review of this issue is not of right. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted).

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Barnes*, 167 A.3d 110, 122 (Pa. Super. 2017) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

The third part of this test, regarding Pa.R.A.P. 2119, requires that the appellant "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Galmish's brief is non-compliant and the Commonwealth has objected. Commonwealth's Brief at 11 ("Appellant has failed to include a Rule 2119(f) statement in his brief and as such this Court should not entertain the argument as it has been waived."). As we may not overlook this defect, we agree that the claim is waived. "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may

- 3 -

not review the claim." ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012).

Moreover, Galmish's argument does not appear to present a substantial question that this sentence is inappropriate under the Sentencing Code. Consistent with the parties' agreement, the judge imposed a minimum sentence of two and one-half years' incarceration. Therefore, the maximum penalty was required to be at least five years' incarceration. 42 Pa.C.S. § 9756(b)(1) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."). Galmish challenges the trial court's decision to impose a maximum sentence of ten years instead.

In ***Commonwealth v. Coulverson***, 34 A.3d 135, 147 (Pa. Super. 2011), we concluded that a challenge to a sentence of 18 to 90 years' incarceration presented a substantial question where (1) the court failed to offer specific reasons in support of that sentence, and (2) that the sentence was manifestly excessive because the trial court demonstrated an intent to impose a *de facto* life sentence.

Galmish's primary challenge to the trial court's maximum sentence is that "the trial court failed to follow the general standards for sentencing set forth at 42 Pa.C.S.A. 9721(b)." Galmish's Brief at 2. Such allegations can present a substantial question. As stated in ***Coulverson***: "Although the process by which a trial judge balances the factors and circumstances bearing

on the sentence is clearly a discretionary function of the trial court, we find that the manner in which a trial judge exercises that discretion does raise a substantial question for appellate review under these circumstances." *Id*. at 143. However, as indicated by the reference to "under these circumstances," the determination of whether a substantial question exists is "evaluated on a case-by-case basis." *Barnes*, 167 A.3d at 122.

Under these circumstances, we do not find that Galmish has presented a substantial question even when viewing the merits of his argument (as necessitated by the absence of a Rule 2119 statement). Unlike *Coulverson*, the maximum sentence here is nowhere near a *de facto* life sentence; there is nothing to indicate the judge focused on the severity of the crime and its impact on the victim's family; the maximum sentence imposed did not represent the statutory maximum;[4] and the judge placed several reasons on the record to justify its sentence. Galmish simply disagrees with the manner in which the judge exercised his discretion, which does not present a substantial question. "[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014).

---

[4] The maximum period of incarceration for Involuntary Manslaughter, graded as a Misdemeanor of the First Degree, is five years. 18 Pa.C.S. § 1104(1). The maximum penalty for Delivery of Heroin is 15 years. 35 P.S. § 780-113(f)(1).

Finally, Galmish alleges that the judge abused his discretion because "the maximum sentence was contrary to the Court's assessment that Appellant would not ever again engage in criminal activity." Galmish's Brief at 2. The basis for this complaint is the trial court's remarks during sentencing:

> The question becomes what to do about the maximum end. Now, for the benefit of Mr. McAleer's family, the way this works in Pennsylvania is a minimum sentence is a minimum sentence. So what happens is the offender is instantly eligible for parole after they're served the minimum sentence. Now, the exceptions to that would be somebody who has caused troubles within the facility, who has been assigned to programming and has failed the programming, et cetera. But for an inmate who does everything you expect that inmate to do, they will be eligible for release at their minimum and that tends to be the way it works.

> The maximum sentence, the period between the service of the minimum and then the maximum is basically parole supervision. It's parole supervision. So the parolee's liberty is not restricted unless the parolee is engaged in conduct that would result in a necessity for a limitation on that parolee's liberty. And more often than not, the reporting requirements for a parolee who is not a violent offender, who is not the type of person who is likely to commit a robbery or a burglary or a sexual assault is fairly minimal. And so while it might be satisfying to think in terms of, well, the Judge gave this man the maximum possible sentence he could possibly receive, understand that that would all be on parole and you have to ask yourself the question, you know, is that really necessary in light of the Court's responsibilities, again, to the community, the expense, the gravity of the offense, the rehabilitative needs of the defendant, et cetera. I highly doubt Mr. Galmish will engage in criminal conduct, ever. It could happen. There's a possibility that would happen. But I don't think he's likely to return to this life style knowing the consequences and having experienced the consequences so profoundly himself.

> So with that in mind, Mr. Richmond is seeking what would be a minimum maximum sentence of five years. I don't think that's appropriate. I think an appropriate sentence on the maximum

- 6 -

end would be something like 10 years. Given Mr. Galmish's age and statistics that indicate the likelihood of recidivism, I don't – I think 10 years on the maximum end is really sufficient. So that is what I will be doing here.

N.T. Sentencing, 1/3/19, at 18-19.

Galmish's argument appears to be that the trial court was required to impose the minimum maximum allowed because the court acknowledged that Galmish was unlikely to reoffend after release. But in addition to the rehabilitative needs of the defendant, the trial judge must impose a sentence that "is consistent with the protection of the public [and] the gravity of the offense as it relates to the impact on the life of the victim and on the community[.]" 42 Pa.C.S. § 9721(b). Galmish's argument is simply an alternative way of challenging the trial court's weighing of the general sentencing factors and does not present a substantial question. *Zirkle*. As nothing in Galmish's brief persuades us that there is a substantial question that his sentence is inappropriate under the Sentencing Code, the judgment of sentence is affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2019

- 7 -