J-S40037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY JUNE BOLTON | : | |
| | : | |
| Appellant | : | No. 205 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 1, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000344-2017,
CP-56-CR-0000377-2017

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:  **FILED AUGUST 08, 2019**

Kimberly June Bolton (Bolton) appeals from the judgment of sentence imposed in the Court of Common Pleas of Somerset County (trial court) after her conviction of Recklessly Endangering Another Person (REAP), 18 Pa.C.S. § 2705, and Possession with Intent to Deliver a Controlled Substance (PWID), 35 P.S. § 780-113(a)(30).  We affirm.

On April 16, 2018, Bolton pleaded guilty to PWID at docket number 377-2017.  The charge arose from a controlled buy set up with a confidential informant.  She pleaded guilty to REAP at docket number 344-2017 for her role in the distribution of heroin laced with fentanyl that resulted in the overdose death of the victim.  On October 1, 2018, the trial court sentenced Bolton to an aggregate term of not less than sixteen nor more than forty-eight months' incarceration.  Bolton filed post-sentence motions challenging the

_____
\* Retired Senior Judge assigned to the Superior Court.

discretionary aspects of her sentence on the bases that she had significant medical problems, she was sentenced at the high end of the standard range in spite of her light criminal record, and that she pleaded guilty to REAP as a misdemeanor. The court denied Bolton's post-sentence motions and Bolton timely appealed.[1] Bolton complied with Rule 1925(b). *See* Pa.R.A.P. 1925.

On appeal, Bolton maintains that the trial court abused its discretion when it failed to consider mitigating factors and sentenced her at the high end of the standard range. (*See* Bolton's Brief, at 10-11).

Preliminarily, it is well-settled that review of this issue is not of right. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted).

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see*

---

[1] On April 17, 2019, we issued an order directing Bolton to show cause why her appeal should not be quashed pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), because her notice of appeal contained both docket numbers. *See Walker*, *supra* at 971 (Holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). However, as explained by Bolton, although the notice of appeal contains both docket numbers, she filed it in both cases, and the portions of the docket attached to her response confirm this. (Response to Show Cause, 4/29/19, at 2 ¶ 12, 3 ¶ 13-14; *see also id.* at Exhibit A, 2-3; Bolton's Brief, at 9-10). Therefore, Bolton complied with *Walker's* mandate.

> Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Barnes***, 167 A.3d 110, 122 (Pa. Super. 2017) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)). The third part of this test, regarding Pa.R.A.P. 2119, requires that the appellant "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

Here, Bolton has included a Rule 2119(f) statement in her brief. It alleges that the court abused its discretion by sentencing her at the high end of the standard range and by failing to consider mitigating factors such as her medical history, her minor criminal record, and the fact that, although the victim died, Bolton only pleaded guilty to a misdemeanor REAP. (***See*** Bolton's Brief, at 8-9). This claim raises a substantial question, although it lacks merit.[2] ***See Commonwealth v. Hill***, ___ A.3d ___, 2019 WL 2204340, at *9 (Pa. Super. filed May 22, 2019) (finding appellant's claim of failure to consider mitigating factors combined with claim of excessive sentence raises substantial question).

---

[2] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa. Super. 2018) (citation omitted).

The record reveals that the court considered the victim impact statements of the victim's daughter, aunt and mother. (*See* N.T. Sentencing, 10/01/18, at 4-16). It heard the argument of counsel about Bolton's ongoing medical issues and prior record of misdemeanor offenses. (*See id.* at 16-17). Bolton also made a statement to the court on her own behalf. (*See id.* at 17-19).

Importantly, the trial court had the benefit of a presentence investigation report (PSI) and explained that it was imposing its sentence, in part, based on the information contained therein. (*See* N.T. Sentencing, 10/01/18, at 21). "Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Edwards*, *supra* at 637-38 (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *Id.* (citation omitted).

Before announcing Bolton's sentence, the court explained that it was imposing it based on the information contained in the PSI, the comments of defense counsel and the statements of Bolton and of various family members of the victim. (*See* N.T. Sentencing, at 20). The court also stated:

> The reasons for the sentence are as follows: The sentence ends at the highest end of the standard range of the Sentencing

Guidelines; [Bolton] was part of the causal chain that led to the overdose death of [the victim] and under the circumstances presented here, we believe any lesser sentence would depreciate the seriousness of these offenses.

(N.T. Sentencing, at 21).

Based on the foregoing, we discern no manifest abuse of discretion by the trial court. **See Edwards**, **supra** at 637. Therefore, Bolton's issue lacks merit and we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2019