J-S19014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIANE MCCLELLAND | : | |
| | : | |
| Appellant | : | No. 489 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 5, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0002056-2011

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: AUGUST 12, 2021**

Appellant, Diane McClelland, appeals from the March 5, 2020 Judgment of Sentence of 24½ to 49 years' incarceration entered upon remand for resentencing by this Court.  Appellant challenges the legality and discretionary aspects of her sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  In 2013, a jury convicted Appellant of Conspiracy to Commit Burglary, Conspiracy to Deal in Proceeds of Unlawful Activities, Conspiracy to Commit Theft, Dealing in Proceeds of Unlawful Activities, Receiving Stolen Property, and Hindering Apprehension or Prosecution[1] in addition to one count of Conspiracy to Commit Homicide.  At trial, the jury heard evidence proving that Appellant participated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 903 (graded as a first-degree felony), 5111(a)(1), 3925, and 5105(a)(5), respectively.

in numerous thefts of cash from the home of, and eventual murder of, Evelyn Stepko, Appellant's elderly neighbor.[2]

Following her convictions, on June 6, 2013, the trial court sentenced Appellant to a term of 24½ to 49 years' incarceration.[3]  In its June 6, 2013 written sentencing Order, the trial court noted that Appellant "admitted to having knowledge of the conspiracy and the burglary [but] at no time did [she] do anything to stop these burglaries. . . . As discussed prior to and at trial, violence is an inherent result of burglary and the home invasion of an elderly victim . . . is considered a violent crime."  Sentencing Order, 6/6/13, at 2.

Appellant filed a direct appeal, and this Court affirmed after concluding that due to substantial briefing defects, she had waived her issues. ***Commonwealth v. McClelland***, 131 A.3d 93 (Pa. Super. 2015) (unpublished memorandum).  Appellant successfully obtained reinstatement of her direct appeal rights.  Following our review, this Court vacated Appellant's conviction of Conspiracy to Commit Homicide, affirmed all other convictions, vacated in

---

[2] Appellant's husband and stepson were her co-defendants in the 2013 trial.

[3] Specifically, the court imposed a sentence of 20 to 40 years' incarceration for Appellant's Conspiracy to Commit Homicide conviction, 2 to 4 years' incarceration for her Dealing in Proceeds of Unlawful Activities conviction, 2 to 4 years' incarceration for her Receiving Stolen Property conviction, and 6 months to 1 year of incarceration for her Hindering Apprehension or Prosecution conviction.  The court ordered these sentences to run consecutively and imposed no further penalty for Appellant's convictions of Conspiracy to Commit Burglary, Conspiracy to Deal in Proceeds of Unlawful Activities, and Conspiracy to Commit Theft convictions.

part her Judgment of Sentence, and remanded for resentencing. ***Commonwealth v. McClelland***, 204 A.3d 436, 445, 448 (Pa. Super. 2019). We also directed that, for sentencing purposes, "Appellant's [C]onspiracy [to Commit Burglary] offense must be graded as the equivalent to the burglary offense to which she conspired." ***Id.*** at 445 n.3.

On March 5, 2020, the trial court held a resentencing hearing. Relevant to the instant appeal, and in light of this Court's directive that the court grade Appellant's Conspiracy to Commit Burglary offense as "equivalent to the burglary offense to which she conspired," Appellant argued that the court should grade the offense as a second-degree felony because "the object of the conspiracy was very clear that no person was to be present."[4, 5] N.T., 3/5/20,

_____

[4] Relevantly, our Crimes Code defines by two subsections a burglary offense that occurs in a structure that is adapted for overnight accommodation: Section 3502(a)(1) pertains to when a person is present during the commission of the offense; Section 3502(a)(2) pertains to when a person is not present during the commission of the offense. ***See*** 18 Pa.C.S. § 3502. A Section 3502(a)(1) offense is graded as a first-degree felony; a Section 3502(a)(2) offense is also a first-degree felony. The only section of the Burglary statute graded as a second-degree felony is Section 3502(a)(4) which pertains to burglary of a structure not adapted for overnight accommodations in which a person is not present at the time of the offense. ***See id.*** at 3502(a)(4). The evidence at trial demonstrated that Appellant participated in a conspiracy to commit numerous burglaries of a structure adapted for overnight accommodation, *i.e.*, the victim's home. Therefore, Appellant's counsel's argument at the resentencing hearing that the court should grade Appellant's Burglary conviction as a second-degree felony was erroneous as a matter of law.

[5] The Sentencing Guidelines provide an OGS of 9 for a conviction under Section 3502(a)(1) and of 7 for a conviction under 3502(a)(2). 204 Pa.Code. § 303.15. Further, the Guidelines provide that convictions for conspiracy of a
*(Footnote Continued Next Page)*

at 4. The Commonwealth argued that the court should grade Appellant's Conspiracy to Commit Burglary offense as a first-degree felony because the burglary in which Appellant conspired was clearly of a structure designed for overnight accommodation, *i.e.*, the victim's residence, and on at least one occasion, the victim was, in fact present during the burglary.[6] *Id.* at 4-5. The court deemed Appellant's argument waived because she did not raise it at the time of her original sentence. The court then graded the offense—Criminal Conspiracy to Commit Burglary of a structure adapted for overnight accommodation—as a first-degree felony with an associated offense gravity score ("OGS") of 8. *Id.* at 8.

At the conclusion of the hearing, the court reimposed the same aggregate sentence of 24½ to 49 years' incarceration. It noted that, in imposing this sentence, it had considered, *inter alia*, Appellant's Pre-Sentence Investigation Report, statements of support from her family members, her prison records and rehabilitation efforts, her somewhat qualified acceptance of responsibility and expression of remorse, the vulnerability of the 92-year-

---

crime constituting a first-degree felony receive an OGS "of one point less than the offense . . . which was the object of the conspiracy." *Id.* at 303.3(c)(1). Thus, Appellant believes that the court should calculate her OGS as 6 and not 8.

[6] The Commonwealth also noted that the Conspiracy to Commit Burglary offense was listed on Appellant's Criminal Information as a first-degree felony.

old victim, the impact of the crime on the community, the years'-long duration

of the course of Appellant's conduct, and the argument of counsel.[7]

Appellant filed a Post-Sentence Motion, which the trial court denied.

This appeal followed. Both Appellant and the trial court have complied with

Pa.R.A.P. 1925.

Appellant raises the following seven issues on appeal:

I.   Whether the [s]entencing [c]ourt erred when it found that
     Appellant had been convicted of Conspiracy to Commit
     Burglary related [to] a person being present (under 18 Pa.C.S.
     [§] 3502(a)(1) rather than Conspiracy to Commit Burglary
     related to a person not being present (under 18 Pa.C.S. §
     3502(a)(2))?

II.  Whether the [s]entencing [c]ourt erred when it found that the
     issues of the grading and guideline recommendations of
     Conspiracy to Commit Burglary were waived.

III. Whether the [s]entencing [c]ourt erred with it sentenced []
     Appellant to the exact same period of incarceration that she
     received when she was previously sentenced to a charge of
     Conspiracy to Commit Homicide?

IV.  Whether the [s]entencing [c]ourt erred when it sentenced []
     Appellant far outside of the sentencing guidelines.

V.   Whether the [s]entencing [c]ourt erred when it considered the
     death of the victim (which was not an object of the conspiracy)
     as a factor in sentencing?

VI.  Whether the [s]entencing [c]ourt did not properly consider the
     age of [] Appellant, the support of her family/friends, her

_____

[7] Specifically, the court imposed a 10- to 20-year term of incarceration for
Appellant's Conspiracy to Commit Burglary conviction, a consecutive 10- to
20-year term of incarceration for her Dealing in Proceeds of Unlawful Activity
conviction, a consecutive 4- to 8-year term of incarceration for her Receiving
Stolen Property conviction, and a consecutive 6-month to 1-year term of
incarceration for her Hindering Apprehension or Prosecution conviction.

behavior during incarceration, her attempt to accept responsibility, or her risk of recidivism when it sentenced Appellant?

VII. Whether the [s]entencing [c]ourt demonstrated partiality, prejudice, bias[,] and ill-will generally throughout sentencing and particular when it noted [] Appellant should have been charged with felony murder?

Appellant's Brief at 3.

In her first issue, Appellant relies on *Alleyne v. United States*, 570 U.S. 99 (2013), to assert that the sentencing court imposed an illegal sentence when it applied the sentencing guideline relevant to a conviction of Conspiracy to Commit Burglary—Person Present, 18 Pa.C.S. § 3502(a)(1), rather than the guideline applicable to a conviction of Conspiracy to Commit Burglary—No Person Present, 18 Pa.C.S. § 3502(a)(2). Appellant's Brief at 13-15. Appellant argues that whether the purpose of the conspiracy in which she participated was to burglarize an occupied or unoccupied structure was a question of fact that the court should have, but erroneously did not, put to the jury. *Id.* at 13-14. She correctly notes that both offenses are first-degree felonies; however, the sentencing guidelines recommend a harsher punishment for a conviction under Section 3502(a)(1) than under Section 3502(a)(2). *Id.* at 15. She concludes, therefore, that because the jury did not specifically find that she intended to participate in a conspiracy the object of which was to burglarize an occupied structure, the court improperly applied the OGS consistent with that offense. *Id.*

Appellant's reliance on *Alleyne* as a basis for relief fails. In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the

penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 103. With respect to the crime of Burglary—Person Present, the presence of a person in a burglarized structure is not a fact that increases the penalty for Burglary and, thus, must be separately submitted to the jury and found beyond a reasonable doubt. Rather the presence of a person in a burglarized structure is an element of the offense of Burglary—Person Present, 18 Pa.C.S. § 3502(a)(1), sufficient proof of which is implicit in a jury conviction of that offense. Stated another way, the presence of a person in a burglarized structure is an element of the crime itself and not an element that increases the penalty for Burglary once convicted. Thus, **Alleyne** is inapplicable here and Appellant's legality of sentence claim fails.[8]

In Appellant's remaining five issues, she challenges the discretionary aspects of her sentence. In particular, she claims that the trial court: (1) demonstrated "vindictiveness" in imposing a new sentence for her Conspiracy to Commit Burglary that is more severe than her original sentence for that

---

[8] In her related second issue, Appellant asserts that the sentencing court erred in finding that she had waived this claim, averring that she could not have raised it earlier. Appellant's Brief at 15. In light of our disposition of Appellant's first issue, we decline to address her second issue.

offense;[9, 10] (2) erred in sentencing her outside of the sentencing guidelines; (3) erred in considering the victim's death as a sentencing factor; (4) did not properly consider mitigating factors in fashioning Appellant's sentence; and (5) demonstrated partiality, prejudice, bias, and ill-will throughout sentencing. Appellant's Brief at 16-19.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***

Appellant preserved this sentencing challenge in a post-sentence motion, and filed a timely Notice of Appeal. Appellant has not, however, included a Pa.R.A.P. 2119(f) Statement in her Brief, and the Commonwealth

---

[9] The trial court initially imposed no further penalty for Appellant's Conspiracy to Commit Burglary conviction.

[10] A claim alleging judicial vindictiveness challenges the discretionary aspects of sentence. ***Commonwealth v. Barnes***, 167 A.3d 110, 122-23 (Pa. Super. 2017)

has objected to this omission.  **See** Commonwealth's Brief at 10.  Appellant has, thus, waived her challenge to the discretionary aspects of her sentence. **See Commonwealth v. Sanchez**, 848 A.2d 977, 986 (Pa. Super. 2004) (holding that appellant waived challenge to discretionary aspects of sentence where he failed to include in his brief a Pa.R.A.P. 2119(f) Statement).

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  08/12/2021