J-S33021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN MCFARLAND | : | |
| | : | |
| Appellant | : | No. 498 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 9, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004150-2021

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED:  December 4, 2023**

Under the circumstances presented in the instant case, assuming, *arguendo*, Appellant Shawn McFarland demonstrated the presumption of vindictiveness, the trial court rebutted the presumption of vindictiveness. Thus, contrary to the Majority, I would affirm the trial court's judgment of sentence imposed on March 9, 2022, and accordingly, I dissent.

As this Court has recognized:

> [T[he United States Supreme Court in ***Pearce***[1] established a presumption of vindictiveness when a more severe sentence is imposed upon resentencing.  However, the ***Pearce*** Court held the presumption of vindictiveness may be rebutted where the trial court places on the record non-vindictive reasons for the increased

---

[*] Former Justice specially assigned to the Superior Court.

[11] ***North Carolina v. Pearce***, 395 U.S. 711 (1969).

sentence, such as "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." [*Commonwealth v.*] *Barnes*, 167 A.3d 110, 123 (Pa.Super. 2017) (*en banc*) (quoting *Pearce*, 395 U.S. at 726).

Further, in *Texas v. McCullough*, 475 U.S. 134…(1986), which expanded the *Pearce* Court's approach to resentencing and due process, the High Court held the presumption could also be overcome by other forms of objective information or legitimate sentencing concerns that were not presented to or considered by the trial court at the original sentencing hearing. *McCullough*, 475 U.S. at 138[.]

*Commonwealth v. Ali*, 197 A.3d 742, 762 (Pa.Super. 2018).

In the case *sub judice*, in explaining the reasons it imposed a consecutive sentence, as opposed to a concurrent sentence, upon reconsideration, the trial court indicated the following during the re-sentencing hearing:

I have considered the statements made by [Appellant] today. I have considered the arguments of counsel. I have considered the specific arguments of defense counsel, [who] claims that there should be mitigation in this case.

I have considered all other factors that I may take into account, as well as the contents of the motion to modify the sentence that was originally imposed in this case filed by the defense.

I have also considered the Commonwealth's response to that motion in support of sentencing, that it appears that I may have overlooked aggravating factors by not specifying them on the record at the previous sentencing.

One of which, the Commonwealth argues, is the commission of additional criminal activity while on federal supervised release, rather than a mitigating factor or circumstance.

The inconvenience that this must have caused the number of victims in this case, although they only charged as one particular count, criminal mischief.

The amount of damage. The extent of damage. The number of individual victims that were affected by [Appellant's] actions.

For all those reasons…at Count 1, this case warrants, if any that I have come across, an upward departure from the standard range of the sentencing guidelines, and [the trial court's] sentence for [Appellant] is not less than one or more than two years in a State Correctional Facility to be determined by the Department of Corrections.

\*\*\*

Additionally, at Count 6, [Appellant] is sentenced to not less than one nor more than two years in a State Correctional Facility to be determined by the Department of Corrections.

This sentence shall be served consecutive to the sentence I just imposed at Count 1. He shall receive credit for time served, which may be attributable to this case.

N.T., 3/9/22, at 24-26.

Moreover, in its opinion, the trial court indicated the following:

[Upon reconsideration,] [t]he [trial] court closely reviewed its original sentence. The [trial] court also considered the Commonwealth's objection to granting relief. The [trial] court incorporated the affidavit of probable cause at the entry of [Appellant's] original plea in this case. [Appellant] was on federal supervised release at the time of the offense, a point notably omitted from defense counsel's argument. [Appellant] was using controlled substances and was intoxicated at the time of the incident. [Appellant] was armed with a knife, which he apparently used to randomly slash more than a dozen tires—some vehicles had several tires destroyed. [Appellant] wielded the knife in a menacing fashion toward a passerby who witnessed the senseless vandalism and called police. [Appellant] fled police who responded to the call and discarded the knife during a brief foot chase and initially resisted being taken into custody. [Appellant] admitted to being intoxicated but denied using controlled substances that night; [however,] blood taken from [Appellant] upon his admission to the County Jail showed otherwise[.] [Appellant] testified positive for a veritable cocktail of miscellaneous controlled substances, including cocaine that night. This was not an isolated incident of minor vandalism, but was

- 3 -

instead, [a] senseless rampage by [Appellant] with a knife that affected nearly a dozen property owners. For these reasons, the [trial] court reconsidered its original sentence, denied post-sentence motions, and resentenced [Appellant] to consecutive terms of incarceration.

Trial Court Opinion, filed 12/1/22, at 4-5.

Based on the aforementioned, the trial court rebutted the presumption of vindictiveness. *See Ali*, *supra*. The trial court disavowed any vindictive purpose in reconsidering and resentencing Appellant, and the trial court noted that it had originally overlooked aggravating factors, as set forth by the Commonwealth in its response to Appellant's post-sentence motion. The trial court revealed that it had misapprehended the facts of Appellant's crime during the initial sentencing proceedings, which led to the trial court underestimating the impact Appellant's crime had on the victims and community.

The reasons stated by the trial court are clearly based upon legitimate sentencing concerns. *See id.* Respectfully, this Court has no reason to disturb the sentencing scheme of the trial judge or to substitute its own judgment over that of the trial judge on appropriate sentencing for Appellant.

Thus, I conclude "the trial court rebutted any presumption of vindictiveness that may have attached to its sentence imposed upon [reconsideration]." *Id.* at 763. Consequently, I would affirm the trial court's March 9, 2022, judgment of sentence and respectfully dissent.