J-E01002-24

2024 PA Super 174

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :           PENNSYLVANIA
                             :
                v.           :
                             :
                             :
GABRIEL CRUZ                 :
                             :
            Appellant        :  No. 2084 EDA 2020

Appeal from the PCRA Order Entered September 24, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011957-2010

BEFORE:  LAZARUS, P.J., BOWES, J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., KING, J., SULLIVAN, J., and LANE, J.

DISSENTING OPINION BY SULLIVAN, J.:          **FILED AUGUST 08, 2024**

While the Majority's harmless error exception to the requirements of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000) is understandable given the factual framework before us, I am constrained by current law to dissent. Insofar as ***Apprendi*** remains valid law and requires any fact that "increases the penalty for a crime beyond the prescribed statutory maximum . . . be submitted to a jury, and proved beyond a reasonable doubt", and inasmuch as the Pennsylvania Supreme Court has, to date, not adopted a harmless error exception to the ***Apprendi*** mandate[1], I am compelled to exert judicial restraint and follow current Pennsylvania precedent.

_____

[1] The Supreme Court of the United States has permitted ***Apprendi*** to be subject to a harmless error analysis. ***See Washington v. Recuenco***, 548 U.S. 212, 218-22 (2006).  However, the Pennsylvania Supreme Court has refused to recognize a harmless error exception to either ***Apprendi*** (permitting the imposition of a sentence beyond the statutory maximum) or
*(Footnote Continued Next Page)*

My disagreement with the Majority is at once narrow and profound. The majority and I agree about much of the underlying facts and law. I agree with the Majority that Cruz's assault against the victim was brutal and has left him in a vegetative state.[2] *See* Majority Opinion at 2-4. I also agree with the Majority that the trial court violated Cruz's constitutional rights under *Apprendi* by failing to ensure the jury render a specific finding that serious bodily injury resulted from the attempted murder. *See id*. at 1. I further agree with the Majority that *Apprendi* violations compelled the grant of relief in both *Commonwealth v. Barnes*, 167 A.3d 110 (Pa. Super. 2017) (*en banc*), and *Johnson*, 910 A.2d 60 (Pa. Super. 2006), where the appellants, *like Cruz*, were charged with attempted murder and aggravated assault, and the trial courts in both *Barnes* and *Johnson* failed to require the jury determine beyond a reasonable doubt that serious bodily injury resulted from the attempted murder. *See* Majority Opinion at 14-15, 20-21; *Barnes*, 167 A.3d at 117-19; *Johnson*, 910 A.2d at 67-68.[3] Additionally, the Majority

_____

*Alleyne v. United States*, 570 U.S. 99 (2013) (permitting the imposition of a mandatory minimum sentence), where a jury has not found the sentence-enhancing fact beyond a reasonable doubt. *See Commonwealth v. Wolfe*, 140 A.3d 651, 662 (Pa. 2016) (declaring that the Court was "not unsympathetic to the plight of the Commonwealth in *Alleyne's* wake," and rejecting as unconstitutional a statute that purported to do so).

[2] Because the facts of the crime are not at issue, and this case presents a pure question of law, there is no relevant reason to re-state the facts.

[3] Indeed, the author of the Majority opinion acknowledges that as a member of the three-judge panel originally deciding this case, it averred the grant of

*(Footnote Continued Next Page)*

acknowledges that our Supreme Court in **Commonwealth v. Wolfe**, 140 A.3d 651, 662 (Pa. 2016), specifically rejected the Commonwealth's invitation to apply a harmless error exception in a case decided after **Alleyne**, 570 U.S. 99 (2013), involving a statutory mandatory minimum sentence for involuntary deviate sexual intercourse where the victim was under sixteen years old. Our Supreme Court required the jury to determine the age of the victim beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence.[4] **See** Majority Opinion at 18-19.

I depart from the Majority where it concludes that a harmless error exception shall apply where, as here, a clear **Apprendi** violation occurred (**see Barnes** and **Johnson** holdings *supra*), because the authority offered to support the majority is dispositively distinguishable from this case and because the opinion relied upon fails to follow the Supreme Court's requisite analytical framework.

The Majority contends that in **Commonwealth v. King**, 234 A.3d 549 (Pa. 2020), the Pennsylvania Supreme Court determined an **Apprendi** violation can be harmless error. **See** Majority Opinion at 23-26. I do not read such authority in **King**. The Commonwealth charged King with attempted

---

relief to Cruz on **Apprendi** grounds "was correct under existing precedent." **See** Majority Opinion at 7.

[4] **Wolfe** declared unconstitutional the then-applicable statutory scheme of 42 Pa.C.S.A. § 9718(a)(1), which provided that the applicability of a mandatory minimum statute was to be determined at sentencing by a preponderance of the evidence by a trial court. **See Commonwealth v. Wolfe**, 140 A.3d 651, 653 (Pa. 2016).

murder, aggravated assault, and related offenses, and it is absolutely clear from the opinion that the ***verdict sheet required the jury to determine whether the victim suffered serious bodily injury as a result of the attempted murder beyond a reasonable doubt***. ***Id.*** at 553, 555-556. Of critical importance, ***King*** argued on appeal that the Commonwealth failed to provide formal (written) notice of its intention to seek a serious bodily injury sentencing enhancement in the indictment or criminal information, pre-trial, and contended this lack of formal notice violated ***Apprendi***. ***See id***. at 557. Our Supreme Court clarified that ***Apprendi*** was ***not*** the proper analytical framework for King's lack of formal notice argument.[5] Rather, our Supreme Court analyzed King's notice argument under the legal framework of "Rule 560 and the Pennsylvania Constitution," and it is under this framework, not the ***Apprendi*** framework, that the Supreme Court agreed that the "indictment and criminal information" was deficient but that King was "adequately apprised through other means . . . and the charging error was harmless." ***See id***. at 560-563. Thus, our Supreme Court employed a different legal analysis as it related to the lack of formal notice pre-trial and never employed a harmless error analysis to an ***Apprendi*** violation. ***King*** does not stand for the proposition that our Supreme Court permits a harmless error exception vis-à-vis ***Apprendi*** and is inapposite to the matter before us.

_____

[5] "The ***Apprendi*** holding does not mention any requirements related to the indictment." ***See King***, 234 A.3d at 560.

I recognize the Majority's dissatisfaction with the law as it stands and am not unsympathetic to its desire to change the law.[6] However, in **Wolfe**, our Supreme Court made clear that a statute that permits a sentencing court to impose a mandatory minimum sentence based on that fact must be reviewed by the jury and the jury must make a finding beyond a reasonable doubt in order to impose the mandatory minimum. **See Wolfe**, 140 A.3d at 658-659.[7] [8]

_____

[6] Because the *mens rea* for aggravated assault and attempted murder are the same, it would seem that where the jury is instructed to find serious bodily injury as to aggravated assault as it was in this case, the jury also makes the requisite serious bodily injury finding concerning attempted murder.

[7] Although **Wolfe** was decided under **Alleyne v. United States**, 570 U.S. 99 (2013), **Wolfe**'s declaration that a sentence-enhancing fact must be found by a jury beyond a reasonable doubt clearly comports with **Alleyne** and **Apprendi**. The **Wolfe** Court recognized the United States Supreme Court and other courts had found **Apprendi**-based errors harmless in various contexts, and stated it was "not unsympathetic to the plight of the Commonwealth given the volume of mandatory minimum sentences," but refused to apply a harmless error analysis in part because "new constitutional rules . . . often have unavoidable wide-scale consequences." **See Wolfe**, 140 A.3d at 662.

[8] The Majority notes that two Justices dissented in **Wolfe** and expressed the view that the Court should employ a harmless error analysis under such circumstances. **See** Majority Opinion at 19-20, citing, **inter alia**, **Washington v. Recuenco**, 548 U.S. 212 (2006). A dissent is not precedential authority. Additionally, the Pennsylvania Supreme Court has never employed a harmless error analysis where a jury failed to find a sentence-enhancing fact beyond a reasonable doubt, despite the Court's awareness of **Recuenco** in the eighteen years since that the United States Supreme Court decided that case. Moreover, in other contexts, the Pennsylvania Supreme Court has decided that federal statutes set a floor, not a ceiling, of constitutional protections for Pennsylvania criminal defendants. *(Footnote Continued Next Page)*

While I understand the Majority's preferred outcome based on the compelling facts of this case, and the federal court's own recognition of a harmless error exception to **Apprendi**, the constraints imposed on intermediate appellate court judges do not permit me to join the Majority. As the Pennsylvania Supreme Court recently instructed:

> [i]f this [Supreme] Court has decided an issue, the Superior Court must apply our precedent faithfully, irrespective of whether or not it agrees with the analysis or outcome. . . it is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is the province reserved to the Supreme Court.

**N.W.M. and E.M. v. Langenbach**, 316 A.3d 7, 21-22 (Pa. 2024) (footnotes, quotations marks, and citations omitted). The Supreme Court further explained that "[t]he Superior Court's main function is to correct errors and abuses made by the trial courts. In doing so, it must maintain and effectuate the decisional law of this Court as faithfully as possible." **Id**. (footnote, quotations marks, and citation omitted).

For these reasons, I believe this Court is obligated to follow the Pennsylvania Supreme Court precedent, which follows **Apprendi** and declines to adopt a harmless error exception thereto, and therefore dissent.

President Judge Lazarus and Judge Lane join this dissenting opinion.

_____

**See**, **e.g.**, **Commonwealth v. Alexander**, 243 A.3d 177, 202 (Pa. 2020) (holding the Pennsylvania constitution affords greater protection than the federal constitution for Pennsylvanians subjected to warrantless car searches); **Commonwealth v. Edmunds**, 586 A.2d 887, 905-06 (Pa. 1991) (declining to adopt the federal good faith exception to the Pennsylvania constitution's warrant requirement).