J-S18013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL TRUSSO | : | |
| | : | |
| Appellant | : | No. 868 WDA 2024 |

Appeal from the Judgment of Sentence Entered May 30, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004469-2022

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED: AUGUST 28, 2025**

Appellant, Samuel Trusso, appeals from the May 30, 2024 judgment of sentence of 23 to 46 years of incarceration entered in the Allegheny County Court of Common Pleas following his conviction by a jury of Third-Degree Murder and Discharge of a Firearm Into an Occupied Structure.[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On March 22, 2022, Appellant arrived at the home of his ex-wife ("Ex-wife"), with whom he had remained friends, because he was upset and needed Ex-wife's support. At the time, Ex-wife was at home having dinner with her then-boyfriend,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c) and 2707.1(a), respectively.

Travis Sanner ("Victim"), and Appellant was apologetic for having intruded on their night. An argument between Appellant and Victim ensued and turned physical. After the fight concluded, Victim broke up with Ex-wife and asked her to come to Victim's home to retrieve her belongings.

Ex-wife asked her mother, Susan Brand, and Appellant to go with her to Victim's home to help. When they arrived at Victim's home, Ex-wife retrieved a nightstand from the basement and, when she exited the home, she saw Appellant and Victim arguing outside. Ex-wife grabbed Appellant from behind as he moved toward the front door, but he pushed her away causing her to fall. As she started to get up, she saw Appellant—who she knew was always armed—reach for his gun. She again tried to restrain Appellant, but he tossed her aside, this time knocking her unconscious. While she was falling, she heard three or four gunshots. When she regained consciousness, Ms. Brand told her Victim was hurt. Victim ultimately died from the gunshot wound he sustained.

North Versailles Police Officer Christopher Kelly responded to the shooting at Victim's home. As he approached the home, he observed a white male, later identified as Appellant, walking toward him with a blank, faraway stare. Officer Kelly twice commanded Appellant not to move. After the second command, Appellant drew his weapon and shot himself in the face. Afterward, Appellant told Officer Kelly that he wanted to die. When Appellant arrived at Forbes Regional Hospital for treatment, he admitted to Manor Borough Police Chief Walter Carlson that he had shot Victim and himself.

The Commonwealth charged Appellant with the above offenses. Appellant proceeded to a jury trial, where the jury convicted him of Third-Degree Murder and Discharge of a Firearm Into an Occupied Structure. The trial court deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report.

At the May 30, 2024 sentencing hearing, the Commonwealth presented the testimony of four victim-impact witnesses and submitted to the court numerous other victim impact letters. Appellant also testified that he was sorry for what he had done, and he apologized to Victim's family and his own family and friends. Appellant's counsel argued that there were numerous mitigating factors the court should consider when sentencing Appellant, including: (1) Appellant and Victim did not know each other before the night of the murder, so there was no grudge between them; (2) Appellant was apologetic to Victim when he arrived at Ex-wife's home interrupting her date night with Victim; (3) Appellant has a history of mental health problems, including a suicide attempt two weeks earlier, and a suicide attempt immediately following the murder; and (4) Appellant had a prior record score of zero. Counsel also emphasized Appellant's remorse and his rehabilitative needs.

Following the testimony and argument from counsel, the trial court indicated it had reviewed the PSI report, letters submitted by both the Commonwealth and Appellant, and the victim impact testimony. N.T. Sentencing, 5/30/24, at 36, 44. The court further noted that it had

"considered all of the factors contained in the sentencing guidelines, including [Appellant's] rehabilitative needs[.]" *Id.* at 46-47. The court acknowledged that "it appears [Appellant] has suffered from depression and perhaps anxiety[.]" *Id.* at 47. However, the court also noted that the PSI report reflected Appellant had not taken any steps to address his purported mental health issues, did not have a work history, and showed "little to no empathy when asked in the PSI" how he thought his actions had impacted Victim and his family. *Id.* at 47-48. The trial court also indicated that she found Appellant's conduct to "show an extreme hardness of heart, and overall demonstrating what I find to be under the circumstances presented here, extraordinary behaviors." *Id.* at 48. Accordingly, the court imposed, in its discretion, a statutory maximum sentence of 20 to 40 years of incarceration— a sentence at the top of the standard range of the sentencing guidelines—for the Third-Degree Murder conviction and a consecutive 3 to 6 year term of incarceration for the firearms conviction. *Id.* at 49.

Appellant filed a timely post-sentence motion in which he challenged, *inter alia*, the discretionary aspects of his sentence. In particular, he asserted that his sentence was "unduly harsh" because the court "did not take into consideration the mitigating factors surrounding the circumstances of the offense and the history of [Appellant]." Post-Sentence Motion, 6/7/24, at ¶ 13. Appellant asked the court to modify his sentence "to a period which reflects his lack of criminal history, his remorse for his actions, and the mitigating factors presented at sentencing." *Id.* at 14.

- 4 -

On June 17, 2024, the trial court denied Appellant's post-sentence motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

[] Did the trial court abuse its discretion by imposing a manifestly excessive sentence that primarily focused on victim impact at the expense of other factors, required by 42 Pa.C.S. § 9721(b), including [Appellant's] character, rehabilitative needs[,] and mitigating evidence?

Appellant's Brief at 5.

## A.

Challenges to the discretionary aspects of sentence "are not appealable as of right." ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4) presenting "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b)." ***Id.*** (citation omitted).

Appellant timely filed a notice of appeal, preserved his claim that the court failed to consider mitigating factors,[2] and included a Rule 2119(f) statement in his brief. We, thus, consider whether Appellant has raised a substantial question for our review.

In regard to the fourth criteria, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (citation omitted).

_____

[2] To the extent that Appellant asserts numerous reasons in support of his claim that the court abused its discretion when imposing his sentence, we observe that, as set forth above, Appellant claimed in his post-sentence motion only that the court failed to consider mitigating factors. It is well-settled that, in order to preserve a challenge to the discretionary aspects of his sentence, an appellant must preserve the particular legal theory that he makes on appeal either at sentencing or in a post-sentence motion, so that the sentencing court has "the opportunity to reconsider the imposition of the sentence." *Commonwealth v. Tejada*, 107 A.3d 788, 798 (Pa. Super. 2015); *see also* Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state claim for relief "with specificity and particularity"). Thus, an appellant who challenges the discretionary aspects of his sentence in a post-sentence motion may only argue on appeal the specific arguments he included in his post-sentence motion. *See*, *e.g.*, *Commonwealth v. Rivera*, 238 A.3d 482, 499 (Pa. Super. 2020) (finding Appellant waived discretionary aspects of sentence claim because, "while he filed a post-sentence motion raising a discretionary[] claim, that claim differ[ed] from the claim he present[ed] on appeal"). Because Appellant claimed for the first time in his appellate brief that the trial court abused its discretion by "focus[ing] on victim impact at the expense of other factors," he failed to preserve it for our review.

Here, Appellant has claimed that his sentence is excessive because and that the court abused its discretion in imposing it because the court failed to consider adequately his mitigating factors. Appellant's Brief at 18-19. "[A] claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question." *Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016) (citation omitted), *see also Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."). Thus, Appellant's claim raises a substantial question.

**B.**

Turning to the merits of Appellant's sentencing challenge, this Court has repeatedly observed that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Barnes*, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). To demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to

- 7 -

the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. *Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

We defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Summers*, 245 A.3d at 696. Instead, our "review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009).

With respect to sentences within the sentencing guidelines, Section 9781(c) instructs that an appellate court should affirm the sentence imposed unless it finds that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). Section 9781(d) provides,

> In reviewing the record[,] the appellate court shall have regard for:
>
>> (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;]

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation[;]

(3) The findings upon which the sentence was based[;]

(4) The guidelines promulgated by the commission.

*Id.* § 9781(d).

Appellant contends that his statutory maximum sentence is manifestly excessive and that the trial court ignored the mitigating evidence he presented. Appellant's Brief at 24. This evidence includes Appellant's mental health problems, his prior record score of zero, his strong family support, and his involvement with his family as a father and uncle. *Id.* at 24-29.

The trial court explained its reasons for imposing a 20- to 40-year sentence for Appellant's Third Degree Murder conviction as follows:

> At Appellant's sentencing hearing . . . this [c]ourt indicated that it had reviewed all the documents submitted related to sentencing, including the [PSI] report, letters submitted by the Commonwealth and by Appellant, and the victim impact statements.
>
> ***
>
> Appellant exhibited little to no remorse for the death of [Victim] and substantial need for rehabilitation such that a sentence at the top end of the standard range of the Sentencing Guidelines was warranted.
>
> ***
>
> In imposing its sentences on Appellant, this [c]ourt considered the sentencing factors listed in 42 Pa.C.S § 9721(b) [] in addition to the Sentencing Guidelines. This [c]ourt considered Appellant's substantial need for rehabilitation, his risk to the community, [and] the serious nature of the crimes and impact of those crimes in imposing sentences that were within the standard range of the Sentencing Guidelines.

Trial Ct. Op., 1/17/25, at 9-10.

Following our review, we reject Appellant's claim, which essentially asks this Court to reweigh the sentencing factors rather than defer to the trial court as required by our standard of review. We, thus, conclude that the court did not abuse its discretion in weighing the sentencing factors. Rather, the record demonstrates that, even after considering all the evidence before it, including the PSI report, Appellant's mental health issues, and the mitigating evidence presented in the letters submitted to the court on Appellant's behalf, the trial court still concluded that a statutory maximum sentence was appropriate in light of Appellant's rehabilitative needs, his risk to the community, and the serious nature of the crimes. We may not reweigh the sentencing factors and substitute our judgment for that of the trial court. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/28/2025